WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jose Parra, Gonzalo Estrada          )
and Aurelia Martinez                 )
                                     )
                 Plaintiffs,         )    No. CV 02-0591 PHX RCB
                                     )
        vs.                          )    Related Case: CV 09-0209 PHX JAT
                                     )          O R D E R
Bashas' Inc.,                        )
                                     )
                 Defendant.          )
_____)

    For seven years the court has presided over this action
alleging national origin discrimination in violation of Title VII
of the 1964 Civil Rights Act as amended ("Title VII"), 42 U.S.C.
§ 2000e, *et seq.*, and intentional race discrimination in violation
of 42 U.S.C. § 1981.  On February 2, 2009, this court conducted a
status conference, more fully discussed below.  That same day, the
Equal Employment Opportunity Commission ("EEOC") filed an
application for an order to show cause why an administrative
subpoena should not be issued against respondent, Bashas' Inc., in
EEOC v. Bashas', Inc., 2:09-CV-00209-JAT.  That enforcement action

was randomly assigned to the Honorable James A. Teilborg, United States District Court Judge.  Currently pending before the court is a motion by Bashas' to transfer that enforcement action to this court pursuant to LRCiv 42.1(a) (doc. 281).  For the reasons set forth herein, in the exercise of its discretion, the court GRANTS this motion to transfer.

### *Background*

### *I.  Parra v. Bashas'*

Assuming familiarity with this action, only those facts bearing directly on the enforcement action will be set forth herein.  On September 26, 2001, Jose Parra filed a Charge of Discrimination with the EEOC.  Mot. (doc. 281), exh. A thereto (doc. 281-3) at 2.  In that Charge, Mr. Parra stated his belief that he had "been discriminated against because of [his] race, Hispanic, and [his] national origin, Mexican-American[,] with respect to pay, assignment and working conditions."  Id.  After several other employees filed similar charges, the EEOC issued right-to-sue letters.  Id. at 2:19-21.  Messrs. Parra and Estrada then filed this putative class action on April 4, 2002.  Thereafter, the EEOC closed all charges.  Id. at 2:22.

Discovery ensued during which Bashas' produced wage charts for its various stores for the years 1994 - 2003, inclusive.  Id. at 2:24-25.  In April 2004, Bashas' produced what plaintiffs describe as "massive spreadsheets" comprehensively setting forth a variety of factors primarily related to wages.  Id. at 2:25.  Thereafter, in September 2004, plaintiffs moved for class certification.  The court granted class certification as to the disparate working conditions claim, but it denied certification as to the pay claim

1  because it found a lack of commonality under Fed. R. Civ. P.

2  23(a)(2).  Parra v. Bashas', Inc., 2005 WL 6182238 (D.Ariz. Aug.

3  29, 2005).  Following plaintiffs' appeal, the Ninth Circuit

4  reversed this court's "finding that Plaintiffs' originally proposed

5  class lacked commonality" as to the pay claim and "remand[]ed for

6  consideration of the remaining class certification factors in

7  accordance with th[at] opinion."  Parra v. Bashas', Inc., 536 F.3d

8  975, 980 (9th Cir. 2008) (emphasis omitted).

9       In late November 2008, plaintiffs "request[ed] that this Court

10  set the matter for a status conference in order to reopen discovery

11  and set a briefing schedule for plaintiffs' motion for class

12  certification of their Equal Pay Claim."  Mot. (doc. 269) at 2:1-3.

13  Plaintiffs offered the following rationale:  "since discovery ha[d]

14  been closed since April 2004, [they] need[ed] to obtain updated

15  discovery concerning the status of defendants' pay policy and its

16  impact on the putative class."  Id. at 2:11-13.  Following the

17  Supreme Court's denial of a petition for certiorari, on February 2,

18  2009, this court conducted a status conference.  During that

19  conference, plaintiffs reiterated their "need to update the

20  discovery . . . to resubmit the pay claim . . . for class

21  certification."  Tr. (doc. 279) at 3:2-4.  Finding that "the time

22  for the discovery sought by Plaintiffs has long since expired[,]"

23  the court denied their request "to reopen discovery for that

24  limited purpose."  Id. at 14:18-20.

25  **II.  EEOC Enforcement Action**

26       Despite closing its files after issuing the right-to-sue

27  letters to the Parra plaintiffs, the EEOC continued with its own

28  investigation.  Shortly after this court denied plaintiff's motion

1  for reconsideration on the class certification issue, on May 11,
2  2006, the EEOC served a subpoena upon Bashas'.  See id., exh. B
3  thereto (doc. 281-3).  The EEOC sought, among other things, "all
4  pay scales in effect for any hourly positions" at Bashas', A.J.'s
5  and Food City, "from 1998 to present."  Id., exh. B thereto (doc.
6  281-3) at 6, ¶¶ 1-3.  The EEOC further sought "all documents or
7  materials reflecting the racial and national origin composition of
8  hourly employees at" those "stores in . . . Arizona for 11 years
9  starting in 1998 to the present[.]" Id., exh. B thereto (doc. 281-
10  3) at 6, ¶ 7.  Additionally, the EEOC sought the personnel files
11  for two of the named plaintiffs in the Parra action, among others.
12  Id., exh. B thereto (doc. 281-3) at 6, ¶ 6.

13      Evidently "Bashas' objected to th[at] subpoena on various
14  grounds, including that those individual charges had been closed
15  for more than four years, that the allegations in those charges
16  were now the subject of the Parra litigation, and the EEOC had an
17  opportunity to intervene and elected not to do so."  Mot. (doc.
18  281) at 4:2-5.  On September 12, 2006, the EEOC advised Bashas'
19  that it was "re-open[ing]" the charges as to the eight individuals
20  who had filed EEOC charges against Bashas' in 2002, including
21  plaintiffs Parra and Estrada.  Id., exh. C thereto (doc. 281-3) at
22  8.  The EEOC further advised Bashas' that once the EEOC "completed
23  [its] investigations, a determination w[ould] be issued and
24  [Bashas'] w[ould] be . . . notified."  Id.

25      In response, Bashas' took the position that the EEOC "had no
26  authority to 're-open' th[ose] charges because the right-to-sue
27  letters were issued four years earlier and the EEOC was on notice
28  of the Parra litigation and had ample time to intervene[.]" Id. at

1  4:7-9.  According to Bashas', "[t]he EEOC never replied, and never
2  moved to enforce that subpoena."  Id. at 4:10.

3       On May 9, 2007, pursuant to its statutory and regulatory
4  authority, the EEOC filed a "Commissioner's Charge" against
5  Bashas'.  Resp. (doc. 283), exh. 1 thereto (doc. 283-2) at 2.  In
6  that Charge, the EEOC states its "belie[f] that [Bashas'] has,
7  since at least May 2004, violated Title VII by discriminating
8  against Hispanics due to their national origin."  Id.  Asserted
9  discriminatory activities "include[] . . . failing to pay Hispanic
10  employees comparable wages to non-Hispanic employees and failing to
11  promote Hispanics []to Management positions."  Id.  The
12  Commissioner filed that Charge on behalf of "all persons who have
13  been adversely affected by the . . . unlawful practices[]" just
14  described.  Id.  The EEOC provided Bashas' with a "Notice" of that
15  Charge, and in July 2007, served Bashas' with two subpoenas.  See
16  id., exh. 2 thereto (doc. 283-2) at 4); and Resp. (doc. 283) at
17  2:28 - 3:1 (footnote omitted).

18       According to Bashas', the EEOC "refused" to provide it "with
19  even the most basic information" so that it "could defend itself"
20  against the Commissioner's Charge.  Mot. (doc. 281) at 4:19-20.
21  Nonetheless, Bashas' did provide some information in response to
22  those two subpoenas.  After reviewing the information Bashas'
23  provided, the EEOC deemed it "inadequate[.]" Id., exh. E (doc. 281-
24  3) thereto at 12; and exh. F (doc. 281-3) thereto at 15.  On
25  December 6, 2007, the EEOC then "impose[d] additional requirements"
26  on Bashas' for document productions.  Id., exh. E thereto (doc.
27  281-3) at 12.  After reviewing Bashas' "description of [its]
28  automated records[,] . . . [t]o address [Bashas'] concerns

1  regarding over broad data requests[,]" the EEOC " attempted to
2  restrict the data requested as much as possible." Id., exh. F
3  thereto (doc. 281-3) at 15.

4      In a March 14, 2008, letter response, Bashas' variously
5  characterized the EEOC's requests as "overly broad[;]" "unduly
6  burdensome[;]" and "ambiguous." Id., exh. G thereto (doc. 281-3)
7  at 22.  Reiterating that it did not know the basis of the
8  Commissioner's Charge, Bashas' indicated that it could not
9  determine which documents were relevant or responsive to EEOC's
10 request.  Id., exh. G thereto (doc. 281-3) at 21.  Expressing
11 "grave concerns about where any information shared with the EEOC
12 [might] go[,]" Bashas' stated it would "not produce any electronic
13 data or hard copy files until" execution of "an appropriate
14 confidentiality agreement[.]" Id., exh. G thereto (doc. 281-3) at
15 22.  As it had previously, Bashas' stated its "concern that [the
16 Commissioner's] charge is being used as a vehicle to relitigate the
17 *Parra* case after an adverse ruling." Id.  Seeking "assurances
18 . . . that the EEOC w[ould] not be used as a tool to circumvent the
19 [Federal] Rules of Civil Procedure[,]" Bashas' enclosed a proposed
20 confidentiality order to "address and resolve th[at] issue." Id.

21     Apparently the EEOC would not enter into a confidentiality
22 agreement with Bashas'.  On May 28, 2008, it issued the subpoena
23 which is the subject of the current enforcement action.  See id.,
24 exh. H thereto at 25-29.  A few weeks later, on June 13, 2008,
25 Bashas' asserted its objections to that subpoena.  Id. at 5:21-23;
26 see also Resp. (doc. 283) at 3:17-19.  The EEOC took no further
27 action until February 2, 2009, when it filed an "Order to Show
28 Cause Why an Administrative Subpoena Should Not Be Enforced."

Shortly thereafter, on February 25, 2009, Bashas' filed the present motion to transfer the enforcement action to this court solely on the basis of LRCiv 42.1(a).  Bashas' reasons for transfer are twofold.  First, it claims that there is a "significant overlap" between that enforcement action and the <u>Parra</u> action.  Mot. (doc. 281) at 6:3.  Second, Bashas' argues that there is a "risk of conflicting rulings" if the enforcement action is allowed to proceed before another court.  <u>Id.</u> at 6:4-5.

Initially missing the mark, the EEOC's first response is that these two actions are "totally unrelated" and thus not appropriate for "*consolidation* under Fed. R. Civ. P. 42."  Resp. (doc. 283) at 1:27 (emphasis added).  Bashas' is seeking a transfer, not consolidation, however; and the basis for that transfer is a Local Rule – 42.1(a) – not the Federal Rules of Civil Procedure.  Thus, the EEOC's response is irrelevant insofar as it pertains to consolidation.

Turning to LRCiv 42.1, the EEOC again argues that "consolidation," as opposed to transfer, is not proper under that Rule.  Presumably the EEOC would make those same arguments against transfer under that Local Rule.  Thus, the court will treat the EEOC's consolidation arguments as directed at transfer, rather than at consolidation.  The EEOC is taking the position that because a different time frame is at issue in the enforcement action than in <u>Parra</u>, "different events" are involved.  Resp. (doc. 283) at 7:11-12.  The EEOC adds that the questions of law are not the same because it is merely seeking to enforce an investigative subpoena.  It has not yet made a determination as to the existence of a Title VII violation.  Thus, from the EEOC's standpoint, the enforcement

1  action and <u>Parra</u> "are unrelated."  <u>Id.</u> at 8:12.

2      The <u>Parra</u> plaintiffs are "tak[ing] no position" with respect

3  to this transfer motion.  "Statement of Non-Opposition" (doc. 282),

4  at 2:1-2

5                          ***Discussion***

6      LRCiv 42.1(a)(1) provides in relevant part:

7          Whenever two or more cases are pending before
           different Judges and any party believes that
8          such cases (A) arise from substantially the same
           transaction or event; (B) involve substantially
9          the same parties or property; . . . (D) calls for
           determination of substantially the same questions
10         of law; or (E) for any other reason would *entail*
           *substantial duplication of labor if heard by*
11         *different Judges*, any party may file a motion to
           transfer the case or cases involved to a single Judge.
12

13  LRCiv 42.1(a)(1) (emphasis added).  Before examining those

14  standards *vis-a-vis* the enforcement action and <u>Parra</u>, it is worth

15  noting that "[d]istrict court judges have broad discretion

16  regarding the assignment or reassignment of cases."  <u>Badea v. Cox</u>,

17  931 F.2d 573, 575 (9th Cir. 1991) (internal quotation marks and

18  citations omitted).  This "broad discretion" derives from the fact

19  that the Ninth Circuit "do[es] not review independently a district

20  court's determination of the scope and application of local rules

21  . . . because [it] give[s] district courts broad discretion in

22  interpreting, applying, and determining the requirements of their

23  own local rules[.]"  <u>Id.</u> (internal quotation marks and citation

24  omitted); <u>see also</u> <u>Guam Sasaki Corp. V. Diana's Inc.</u>, 881 F.2d 713,

25  715 (9th Cir. 1989) (emphasis added) (The Ninth Circuit "afford[s] a

26  *high degree* of deference to local rules and to district court

27  decisions which are designed to delineate local practice and define

28  the local rules.")  Based upon this broad discretion, in <u>Badea</u> the

1  Court remanded to the same district judge for further proceedings,
2  despite plaintiff's assertion on appeal that the district court
3  "should have transferred [the] case to another judge who had heard
4  a factually similar case involving different parties." Badea, 931
5  F.3d at 575.  Indeed, so broad is that deference that even where a
6  case had "little in common with the prior case," there was no abuse
7  of discretion in transferring that case to a judge "because it
8  allegedly presented issues similar to those in another case
9  previously heard by him." See Jacobson v. Hughes Aircraft Co., 105
10 F.3d 1288, 1302 (9th Cir. 1997) (citation omitted).  It is against
11 this backdrop which the court is viewing Bashas' transfer motion.

12     As this court stated in Gagan v. Estate of Sharar, 2008 WL
13 2810978 (D.Ariz. July 18, 2008), "[b]y its terms, LRCiv 42.1(a)(1)
14 does not require that each of its subsections be shown before a
15 transfer is proper thereunder." Id. at *2.  As in Gagan, though,
16 several subsections of that Rule are met here.

17     There is little doubt that the enforcement action and Parra
18 "arise from substantially the same transaction or event[]" –
19 alleged discriminatory conduct by Bashas'.  The fact, as the EEOC
20 stresses, that it is not yet "litigating any Title VII violation by
21 Bashas'[,]" does not alter the court's conclusion in this regard.
22 Resp. (doc. 283) at 8:7.  Moreover, as Bashas' points out, both
23 actions raise issues concerning employee information which Bashas'
24 has steadfastly maintained is confidential.  In fact, in Parra this
25 court has issued not one, but two, confidentiality orders; one of
26 those orders pertains directly to a database which the EEOC is
27 seeking through its enforcement subpoena.  Therefore, the first
28 factor under LRCiv 42.1(a)(1) clearly weighs in favor of a transfer

1    here.

2         Both actions involve "substantially" the same parties as well.
3    Bashas' is the defendant in Parra, and the respondent in the
4    enforcement action.  Further, although not parties to the
5    enforcement action, some of the Parra plaintiffs are part of the
6    EEOC's focus therein.  That is evidenced by the fact that the EEOC
7    is seeking the personnel files of plaintiffs Jose A. Parra and
8    Gonzalo Estrada, among others.  See Mot. (doc. 281), exh. B thereto
9    (doc. 281-3) at 6.

10        Likewise, the enforcement action and Parra call for a
11   "determination of substantially the same questions of law" in that
12   the EEOC's allegations of discrimination are, as Bashas' points
13   out, "strikingly similar" to those in Parra.  See Reply (doc. 286)
14   at 2:10.  Both pertain to Bashas' alleged discrimination against
15   Hispanic employees with respect to pay.  The fact that the
16   Commissioner's Charge also includes a failure to promote allegation
17   does not undermine the essential similarity of these claims.  In
18   any event, as this court has previously recognized, "exactness is
19   not the standard" under this Local Rule.  See Gagan, 2008 WL
20   2810978, at *3.  So the fact that the legal issues may vary
21   somewhat between Parra and the enforcement action is not a
22   sufficient basis upon which to deny a transfer here.

23        Moreover, just as in Gagan, "subsection (E), the broad, catch-
24   all provision of LRCiv 42.1(a)(1), provides ample justification for
25   transferring" the enforcement action to this court.  See id.  This
26   court has gained considerable familiarity with Parra, having
27   presided over it for roughly seven years.  The court's familiarity
28   is all the more significant because at least on the face of it, it

1    appears that in the enforcement action the EEOC is seeking much the

2    same information which has been, if not directly, at least

3    peripherally, the subject of two prior confidentiality orders in

4    Parra.   Certainly the interests of judicial economy and the

5    avoidance of duplicative efforts would *not* be served if the

6    enforcement action were to remain before Judge Teilborg.   See In re

7    Marshall, 291 B.R. 855, 859 (Bankr. C.D. Cal. 2003) ("The purpose

8    of assigning related cases to the same judge is to promote judicial

9    efficiency and to avoid the necessity of a new judge learning a

10   complex factual scenario from the beginning.")

11        The assignment factors enumerated in LRCiv 42.1(a)(4), as

12   Bashas' contends, also weigh heavily in favor of transferring the

13   enforcement action to this court.   That Rule states in relevant

14   part:

15              In determining the Judge to whom the case
                . . . will be assigned pursuant to subparagraph[]
16              (a)(1) . . . above, the following factors may
                be considered: (A) whether substantive matters
17              have been considered in a case; (B) which Judge
                has the most familiarity with the issues involved
18              in the case; (C) whether a case is reasonably viewed
                as the lead or principal case; or (D) any other factor
19              serving the interest of judicial economy.

20   LRCiv 42.1(a)(4).   Given that the enforcement action was fairly

21   recently commenced, Judge Teilborg has issued only scheduling

22   orders; he has yet to consider any substantive matters, although a

23   motion for leave to conduct limited discovery was just filed on

24   April 3, 2009.

25        Not only does the first factor which LRCiv 42.1(a)(4) lists

26   favor transfer, but so does the second.   There can be no doubt, as

27   explained herein, that this court has "the most familiarity with

28   the issues involved[,]" especially taking into account its prior

consideration of confidentially issues which seemingly bear directly upon the enforcement action.  Given the manner in which the enforcement action has unfolded, <u>Parra</u> could easily be deemed the "lead or principal case" with respect to that other action. For all of these reasons, the court finds that the "interest of judicial economy" would best be served here by granting Bashas' motion to transfer.

Accordingly,

IT IS ORDERED that "Defendants' Motion to Transfer EEOC's Subpoena Enforcement Action" (doc. 281), *i.e.* <u>EEOC v. Bashas', Inc.</u>, 2:09-cv-00209-JAT, is GRANTED;

IT IS FURTHER ORDERED that a copy of this order shall be provided to United States District Court Judge James A. Teilborg.

DATED this 15th day of April, 2009.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

- 12 -