**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Equal Employment Opportunity, Commission, | ) ) ) |
| Petitioner, | ) No. CIV 09-0209 PHX RCB ) |
| vs. | ) O R D E R ) |
| Bashas', Inc., | ) ) |
| Respondent. | ) ) |

Currently pending before the court is a "Motion to Clarify Order Granting Limited Discovery" (doc. 46) by petitioner, the Equal Employment Opportunity Commission ("EEOC"). The genesis of this motion is E.E.O.C. v. Bashas', Inc., 2009 WL 3241763 (D.Ariz. 2009) ("E.E.O.C. II"), wherein, *inter alia*, the court granted a motion by respondent, Bashas', Inc., for leave to conduct limited discovery. The purpose of that discovery is to determine whether the May 28, 2008, subpoena which the EEOC served upon Bashas' was issued for a legitimate purpose.

1  Since E.E.O.C. II, Bashas' has served the EEOC with 33
2  separate requests for admissions; 24 interrogatories; and a request
3  for the production of 15 categories of documents. Additionally,
4  Bashas' has served subpoenas upon six non-party entities and
5  individuals. Asserting that this discovery is "far beyond what the
6  Court envisioned in" E.E.O.C. II, the EEOC brought this motion to
7  clarify. Mot. (doc. 46) at 1:27-28 (emphasis omitted).

### ***Background***

9  In E.E.O.C. II, the court indicated that the permitted
10 discovery would be "fairly circumscribed[.]" E.E.O.C. II, 2009 WL
11 3241763, at *14. As the parties are well aware, the court
12 explicitly "limited" the scope of that discovery as follows. Id.
13 at *16. "Bashas' expressly sought leave to serve written discovery
14 requests upon . . . [t]he EEOC, the named plaintiffs and
15 plaintiffs' counsel in the *Parra* action, including the Impact Fund
16 and Davis, Cowell & Bowe, as well as Jocelyn Larkin, of the Impact
17 Fund, and Elizabeth A. Lawrence, of Davis, Cowell & Bowell [sic]
18 individually [firm] . . . individually, and the UFCW[] [United Food
19 and Commercial Workers' Union][.]" Id. (citation and internal
20 quotation marks omitted). The court granted Bashas' leave to serve
21 such "requests upon the foregoing entities and individuals[]" with
22 this limitation: "[*D*]*ocuments* pertaining to any communications,
23 information or documents provided between the EEOC and these third
24 parties relating to th[e] Commissioner's Charge[]" dated May 9,
25 2007[.]" Id. (citation and internal quotation marks omitted)
26 (emphasis added). The court disallowed discovery, however, of
27 documents "pertaining to any other charges currently under
28 investigation by the EEOC." Id. (citation and internal quotation

marks omitted). However, the court did allow Bashas' to "seek. . . *any documents* relating to the *Parra* litigation, which may or may not be subject to the *Parra* court's confidentiality order, provided to the EEOC by the *Parra* plaintiffs or their counsel." Id. (internal quotation marks and citation omitted) (emphasis added).

In moving for clarification, the EEOC asserts that the discovery which Bashas has served upon it "far exceed[s] the parameters" set in E.E.O.C. II. Mot. (doc. 46) at 3:20. The EEOC reads that order as allowing strictly what Bashas' requested, the "two categories of **documents**" described above. Id. at 5:1 (emphasis in original). Based upon that reading, the EEOC maintains that requests for admissions and interrogatories are impermissible under E.E.O.C. II. If the court allows those two forms of discovery, the EEOC seeks clarification that it is not required to respond to various of Bashas' discovery requests because they are substantively improper.

Bashas' did not respond to the EEOC's assertion that its discovery requests are beyond those which E.E.O.C. II contemplates. Instead, Bashas' broadly counters that because its discovery requests are not "unrelated to the Commissioner's Charge or the *Parra* litigation[,]" the court should allow all of its requests. Resp. (doc. 48) at 1:4-5. Then, to justify "discovery into oral, as well as written, communications," Bashas' notes that since the September 21, 2009, hearing in this matter, through discovery it "has learned that there were communications and information exchanged regarding *Parra* between the EEOC, and Jocelyn Larkin and Elizabeth Lawrence." Id. at 1:15-17 (citation omitted).

Reasoning that Bashas' is now seeking discovery based upon

information which it learned after E.E.O.C. II and the September 21st hearing, the EEOC views the same as impermissibly expanding the scope of the discovery under that order. Further, the EEOC contends that Bashas' should not be allowed to conduct discovery as to any of the statements made by its counsel at that hearing because the court issued its discovery order after the hearing. Bashas' retorts that "[t]he EEOC should not be allowed to make factual statements in open court and hide from responding to questions regarding their accuracy." Resp. (Doc. 48) at 2:19-20

### ***Discussion***

As more fully explained below, there is no credence to the EEOC's argument that E.E.O.C. II does not allow for interrogatories or requests for admissions. Previously the court granted Bashas' leave to conduct limited discovery to substantiate, if possible, its theory that "the EEOC is not conducting this particular investigation for a legitimate purpose[;]" and hence, "enforcement of this [May 28, 2008] subpoena would amount to an abuse of . . . process." E.E.O.C. II, 2009 WL 3241763, at *10. The EEOC's narrow reading of E.E.O.C. II, restricting Bashas' to discovery of only written documents, would largely undermine the purpose of the discovery allowed therein.

Similarly unavailing is the EEOC's contention that Bashas' should not be allowed to conduct discovery stemming from information which it obtained post-E.E.O.C. II. Bashas' should be allowed to pursue additional germane discovery within the court-ordered time frames. Finally, as will be seen, despite the EEOC's protestations, Bashas' is entitled to conduct discovery regarding statements which the EEOC's counsel made during the September 21st

-4-

hearing.

The court is granting Bashas' some latitude as to the type of discovery which it will allow under E.E.O.C. II. At the same time, however, as more fully discussed below, some of the EEOC's substantive challenges to Bashas' discovery requests are meritorious.

### I. "Requests for Admissions"

In all, Bashas' makes 33 separate Requests for Admissions. The EEOC argues that E.E.O.C. II does not contemplate any Requests for Admissions whatsoever. Reply (doc. 49) at 4:11. If the court allows these Requests, the EEOC asserts that a number of them are improper because they are not "limited to the topics specified in" E.E.O.C. II, *i.e.* information which the EEOC provided to third-parties regarding the Commissioner's Charge, and documents regarding the Parra litigation which those plaintiffs or their counsel provided to the EEOC. See Mot. (doc. 46) at 4:11-12. Bashas' counters that its Requests for Admissions fall within the scope of discovery allowed in E.E.O.C. II primarily because they pertain to issues which were the subject of the September 21, 2009 hearing.

In focusing on the content of Bashas' Requests, seemingly, the parties are overlooking that "requests for admissions are *not* principally discovery devices[.]" Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D.Cal. 1998) (citing 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, § 2252, at 524-525) ("Wright & Miller") (emphasis added); see also Ochotornea v. Adams, 2009 WL 1953502, at * 5 (E.D.Cal. July 7, 2009) (citations omitted) (Requests for admissions "are not principally discovery devices and

- 5 -

should not be used as a substitute for other discovery processes to uncover evidence.")  A request for admission is not a discovery tool because it serves a different purpose.  Discovery devices are "'designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents[.]'" See Safeco, 181 F.R.D. at 445 (quoting 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991)).  In contrast, the purpose of a request for admission is not to facilitate fact-finding, but to "facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be."  Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted).  Thus, "'[s]trictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.'" Safeco, 181 F.R.D. at 445 (quoting Wright & Miller, § 2252, at 524-525). Accordingly, "'[a] party who desires to discover what the facts are should resort to . . . discovery rules rather than [to] Rule 36.'" Id.

Here, this court previously allowed Bashas' to "serve written *discovery* requests[.]"  E.E.O.C. II, 2009 WL 3241763, at *16 (emphasis added).  Given that plain language, as the foregoing discussion shows, there is ample authority for precluding Bashas' from using Requests for Admissions as a method of discovery here. The court is reluctant to take that approach, however, because the EEOC did not raise that issue in its clarification motion.  Perhaps the EEOC made a tactical decision not to do so on the theory that responding to Bashas' Requests, to the extent that they are not

should not be used as a substitute for other discovery processes to uncover evidence.")  A request for admission is not a discovery tool because it serves a different purpose.  Discovery devices are "'designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents[.]'" See Safeco, 181 F.R.D. at 445 (quoting 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991)).  In contrast, the purpose of a request for admission is not to facilitate fact-finding, but to "facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be."  Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted).  Thus, "'[s]trictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.'" Safeco, 181 F.R.D. at 445 (quoting Wright & Miller, § 2252, at 524-525). Accordingly, "'[a] party who desires to discover what the facts are should resort to . . . discovery rules rather than [to] Rule 36.'" Id.

Here, this court previously allowed Bashas' to "serve written *discovery* requests[.]"  E.E.O.C. II, 2009 WL 3241763, at *16 (emphasis added).  Given that plain language, as the foregoing discussion shows, there is ample authority for precluding Bashas' from using Requests for Admissions as a method of discovery here. The court is reluctant to take that approach, however, because the EEOC did not raise that issue in its clarification motion.  Perhaps the EEOC made a tactical decision not to do so on the theory that responding to Bashas' Requests, to the extent that they are not

should not be used as a substitute for other discovery processes to uncover evidence.")  A request for admission is not a discovery tool because it serves a different purpose.  Discovery devices are "'designed to elicit information, to obtain discovery of the existence of facts, or [to] obtain production of documents[.]'" See Safeco, 181 F.R.D. at 445 (quoting 7 Moore's Federal Practices § 36.02[2] (3d ed. 1991)).  In contrast, the purpose of a request for admission is not to facilitate fact-finding, but to "facilitate proof with respect to issues that cannot be eliminated from the case, and second, to narrow the issues by eliminating those that can be."  Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted).  Thus, "'[s]trictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness.'" Safeco, 181 F.R.D. at 445 (quoting Wright & Miller, § 2252, at 524-525). Accordingly, "'[a] party who desires to discover what the facts are should resort to . . . discovery rules rather than [to] Rule 36.'" Id.

Here, this court previously allowed Bashas' to "serve written *discovery* requests[.]"  E.E.O.C. II, 2009 WL 3241763, at *16 (emphasis added).  Given that plain language, as the foregoing discussion shows, there is ample authority for precluding Bashas' from using Requests for Admissions as a method of discovery here. The court is reluctant to take that approach, however, because the EEOC did not raise that issue in its clarification motion.  Perhaps the EEOC made a tactical decision not to do so on the theory that responding to Bashas' Requests, to the extent that they are not

otherwise objectionable, will facilitate an expeditious resolution, which would be consistent with the summary nature of this subpoena enforcement action.

Not wanting to second-guess the EEOC's strategy herein, the court will not prohibit these Requests on the basis that they are not discovery devices, although it would be within the court's province to do so. Accordingly, the court will turn to the EEOC's substantive objections to Bashas' Requests for Admissions.

The EEOC objects to Bashas' first six Requests as being beyond the scope of discovery permitted under E.E.O.C. II. In those Requests, Bashas' seeks to have the EEOC admit that "the confidentiality provisions of Title VII, including 42 U.S.C. § 2000e-8(e), and the EEOC's Compliance Manual allow the . . . EEOC . . . to share information about the . . . Charge" with a variety of individuals. Mot. (doc. 46), exh. 2 thereto (doc. 46-2) at 2-3. The EEOC similarly objects to those Requests, which "concern[] the contents of [the EEOC's] Compliance Manual." Id. at 4:15-16. The EEOC does not identify the number of those Requests, but the court reads that objection as pertaining to Requests seven and nine. The EEOC points to Bashas' Request regarding Freedom of Information Act ("FOIA") exemptions (# 10) as another example of a Request which goes beyond the scope of E.E.O.C. II's specified topics. Only one of Bashas' 33 Requests is relevant, from the EEOC's standpoint, but the EEOC does not identify that Request by number and the court declines to speculate.

Bashas' retorts that slightly more than half of its Requests (1-11 and 17) relate to issues which were the subject of the September 21st hearing, such as the EEOC's policy regarding disclosure of

confidential information.  Likewise Bashas' points out that some of its Requests (12-16) pertain to "whom the EEOC informed when it filed this action[]" – another hearing issue.  Resp. (doc. 48) at 2:25-26.  Bashas' also singles out Request 17 as relating to its statement during that hearing that the EEOC has not found "'cause' to believe" that allegations that Bashas' discriminates against Hispanics are "true."[1]  Id. at 2:28-3:2.  Finally, as Bashas' depicts them, the other remaining Requests are permissible under E.E.O.C. II because they "directly relate[] to whether the EEOC has had communications with the *Parra* attorneys" and the timing of the EEOC's actions *vis-a-vis* certain developments in the parallel Parra litigation.  See id. at 3:2-3.

Rule 36(a) sets forth in considerable detail the "[s]cope and [p]rocedure[]" for requests for admission, including the form of answering, objecting and determining the sufficiency of an answer or objection.  Fed. R. Civ. P. 36(a).  Subsection (5) of that Rule dictates that "[t]he *grounds* for objecting to a request *must* be stated.  Fed. R. Civ. P. 36(a)(5) (emphasis added).  Consistent with that Rule, at this juncture, the court will only address the EEOC's specific objections to Bashas' Requests, as set forth above.[2]

The EEOC is taking an overly restrictive view of E.E.O.C. II, especially given how the September 21st hearing unfolded.  During that hearing, EEOC's counsel made a number of statements which on

---

[1] Bashas' reference to Request 17 appears to be a typographical error in that Request 18, not Request 17, is directed to this issue.

[2] Although it conceives of several possible bases for objecting to some of Bashas' other Requests, the court declines to engage in such speculation. Moreover, it would be improper for the court to usurp counsel's responsibilities in that regard.


- 8 -

their face seemed to go to the abuse of process issue. To illustrate, at one point EEOC's counsel sought to clarify the timing of this action juxtaposed to developments in Parra. Bashas' confidentiality concerns also repeatedly arose during that hearing. As the parties are aware, because the EEOC mistakenly believed that no evidence would be presented at that hearing, statements by its counsel took on a significance beyond that which they might otherwise. Thus, the court finds that Requests one through seven, nine and ten fall within the scope of discovery allowed in E.E.O.C. II. Accordingly, the court denies the EEOC's motion to the extent that it is seeking clarification that it is not required to respond to those nine Requests because they are beyond the scope of discovery which E.E.O.C. II anticipates. This ruling does not, however, preclude the parties from exercising their respective rights under Rule 36(a) as they proceed with this Request process.

## II. Interrogatories

The EEOC contends that the interrogatories propounded by Bashas' are improper because Bashas' did not seek that form of discovery in E.E.O.C. II. Much like it did with respect to the Requests for Admissions, the EEOC also contends that "many" of Bashas' 24 interrogatories "go far beyond the parameters set forth in" E.E.O.C. II, and should be disallowed on that basis. Mot. (doc. 46) at 5:10-11. Bashas' responds that the interrogatories are proper because, in essence, they allow it to develop the factual basis for statements made by the EEOC during the September 21st hearing.

There is no express provision in E.E.O.C. II for interrogatories. Nonetheless, in part because the court allowed

"written discovery requests," again, despite the EEOC's urging to the contrary, it will not take an unnecessarily restrictive view of the forms of discovery allowed under E.E.O.C. II. Accordingly, the court clarifies that interrogatories are a proper form of discovery under E.E.O.C. II.

The EEOC directly challenges eight of Bashas' interrogatories, which the court will address in turn.[3] In E.E.O.C. II, the court explicitly "limited" discovery "to the Commissioner's Charge dated May 9, 2007, which is the basis for the EEOC's investigation and the issuance of the [May 28, 2008] subpoena which forms the basis for this enforcement action." E.E.O.C. II, 2009 WL 3241763, at *16. Continuing, this court held that Bashas' "shall *not* be allowed to obtain documents pertaining to *any other charge* currently under investigation by the EEOC." Id. (citation and internal quotation marks omitted) (emphasis added). Despite that unequivocal holding, interrogatory one asks the EEOC to "identify all communications . . . between the EEOC and certain third-parties "relating to the May 9, 2007 Commissioner's Charge . . . *or related underlying Charges*[.]" Mot. (doc. 46), exh. 3 thereto (doc. 46-3) at 5 (emphasis added). As the EEOC stresses, this aspect of interrogatory one is in direct contravention of E.E.O.C. II. Accordingly, the court grants the EEOC's motion to the extent that it is seeking clarification that interrogatory one shall be limited to the May 9, 2007, Commissioner's Charge.

---

[3] Given how the EEOC styles this motion, *i.e.*, to "clarify" [E.E.O.C. II] granting limited discovery[,]" and because it has not yet responded to any of the propounded interrogatories, the court is not viewing the EEOC's challenges to specific interrogatories as "objections" pursuant to Fed. R. Civ. P. 33(b)(4). For those same reasons, the court does not deem the EEOC to have waived objections to the 16 interrogatories which it does not mention in this clarification motion.

Interrogatories three, four and five ask the EEOC to "[s]pecifically describe all communications between [it] or its representatives and [named third-parties], regarding this Court's February 2, 2009 status conference in the *Parra* litigation and/or this subpoena enforcement action, and for each communication provide the date, parties to, type, i.e., written or verbal, location and content of the communication, and identify all documents that relate to or memorialize the communication." Id., exh. 3 thereto (doc. 46-3) at 6-7. Reiterating its view that only document discovery is permitted under E.E.O.C. II, the EEOC contends that the above-quoted interrogatories are "in seeming defiance of" that order. Id. at 5:26.

As indicated at the outset, interrogatories are a permissible form of discovery under E.E.O.C. II. Moreover, the information sought in interrogatories three through five bears directly on one of the critical issues here – the EEOC's "outside communications and motives[]" surrounding this enforcement action. See E.E.O.C. II, 2009 WL 3241763, at *14 (citation omitted). Additionally, to some extent the court agrees with Bashas' that the EEOC should not be allowed to make statements in open court, and then later decline to respond to interrogatories regarding those statements. Therefore, although interrogatories three through five seek more than documents, they are within the ambit of discovery allowed in E.E.O.C. II.

On the other hand, the EEOC's objection to interrogatory nine is valid. That interrogatory pertains to an administrative subpoena which the EEOC served on Bashas' in May 2006. As such, it is beyond the temporal scope of permissible discovery under E.E.O.C. II. The

- 11 -

1 EEOC does not mention interrogatory ten in its motion, although it
2 directly relates to the preceding interrogatory.  In particular,
3 interrogatory ten asks the EEOC to "[s]pecifically describe why you
4 did not respond to concerns raised by Bashas' related to the
5 subpoena identified in Interrogatory No. 9 or move to enforce that
6 subpoena or respond to its petition to revoke the subpoena."  Mot.
7 (doc. 46), exh. 3 thereto (doc. 4603) at 9:20-22.  Given the
8 clarification that interrogatory nine is not proper under E.E.O.C.
9 II, necessarily, interrogatory ten also is improper under that
10 order.

11 Interrogatories 11 and 12 are, likewise, beyond the temporal
12 scope of discovery allowable under E.E.O.C. II.  Interrogatory 11
13 asks the basis for the reopening of the charges underlying Parra,
14 which occurred in September, 2006.  E.E.O.C. v. Bashas', Inc., 2009
15 WL 1783437, at *2 (D.Ariz. June 18, 2009).  Interrogatory 12 asks
16 about an issue related to that September, 2006 reopening.
17 Consequently, the court clarifies that the EEOC need not respond to
18 interrogatories 11 and 12.

19 Lastly, the EEOC challenges interrogatory 16, which asks it to
20 "[s]pecifically describe every person you notified of the filing of
21 this action."  Mot. (doc. 46), exh. 3 thereto (doc. 46-3), at 11:21.
22 From the EEOC's perspective, the requested information does not
23 support Bashas' abuse of process theory because it is "about events
24 that would have taken place *after* the public filing of this action."
25 Reply (doc. 49) at 5:3 (emphasis added).  Interrogatory 16 does not
26 specify a time frame.  Therefore, it can be read as asking for
27 descriptions of those whom the E.E.O.C notified of the filing of
28 this action at any time, including before.  If the EEOC notified the

Impact Fund, for example, that it planned on filing the present action, in all likelihood that would be relevant to the issues presently before the court. The court finds that interrogatory 16 is overbroad as to the time frame.

Additionally, that interrogatory is overbroad as to the information which it is seeking. The EEOC is being asked to "describe *every person* [it] notified of the filing of this action." Mot. (Doc. 46, exh. 3 thereto (doc. 46-3), at 11:21 (emphasis added). The persons and entities which are properly the subject of discovery under E.E.O.C. II, however, are limited to the following: "the EEOC and . . . the named plaintiffs and plaintiffs' counsel in the *Parra* action, including the Impact Fund and Davis, Cowell & Bowe, as well as Jocelyn Larkin, of the Impact Fund, and Elizabeth A. Lawrence, of Davis, Cowell & Bowell [sic] individually [firm] . . . individually, and the UFCW[.]" E.E.O.C. II, 2009 WL 3241763, at *14 (citation and internal quotation marks omitted). [.]" Therefore, because interrogatory 16 is overbroad in terms of time and scope, the court grants this motion to clarify that the EEOC need not respond to that particular interrogatory.

The parties did not mention interrogatory 20 by number, but the court is compelled to address that interrogatory given that it directly relates to the Requests for Admissions previously discussed. Interrogatory 20 states, "For any Request for Admission that you have denied, provide the factual basis for your denial, and order your responses by Request number." Mot. (doc. 46), exh. 3 thereto (doc. 46-3). That interrogatory is redundant because Rule 36(a)(4) details the form and scope of for denying a request for admission. Therefore, the court clarifies that the EEOC need not

1 respond to interrogatory 20.

To summarize, insofar as the interrogatories are concerned, the court grants the EEOC's motion to clarify that interrogatory one shall be limited to the May 9, 2007, Commissioner's Charge. The court further grants the EEOC's motion to clarify that it does not have to respond to Interrogatories 9, 10, 11, 12, 16 and 20.

### ***III.   Request for Production of Documents***

Bashas' also served a Request for the Production of Documents wherein it seeks 15 categories of documents. The EEOC is challenging document requests nine and fourteen in particular. In Request nine Bashas' seeks:

> Any and all telephone records from 2002-present which contain evidence of telephone calls between you, Davis, Cowell & Bowe (or any agent thereof), the Impact Fund (or any agent thereof), and/or the [UFCW] (or any agent thereof) related to the *Parra* litigation or the Commissioner's Charge.

Id., exh. 4 thereto (doc. 46-4) at 7:18-21.

Among other things, the EEOC claims that that Request is in "clear disregard" of the "limitations on discovery" set in E.E.O.C. II. Mot. (doc. 46) Id. at 6:20. The court has little difficulty finding that Request nine falls within the first category of documents allowed in E.E.O.C. II, *i.e.*, those "pertaining to any communications, . . . provided between the EEOC" and the third-parties named in that Request (and similarly identified in E.E.O.C. II). See E.E.O.C. II, 2009 WL 3241763, at *16 (citation and internal quotation marks omitted). Nonetheless, Request nine does strike the court, as the EEOC also claims, as somewhat "overbroad and unduly burdensome." See Mot. (doc. 46) at 6:19. Bashas' suggestion that the EEOC can "redact any numbers that are not

- 14 -

relevant" is not responsive to the EEOC's ~~legitimate~~ concerns. See Resp. (doc. 48) at 5:21.

Some of the EEOC's overbreadth concerns can be addressed, though, by limiting the time frame of this request. Instead of requiring the production of telephone records "from 2002 - present[,]" the court will only require the EEOC to respond to Request nine for the time frame of January 1, 2006 through February 2, 2009. See Mot. (doc. 46), exh. 4 thereto (doc. 46-4) at 7:18. To further allay some of the EEOC's overbreadth concerns, the court will confine the telephone records sought in Request nine to those from the EEOC's Phoenix District Office, including its legal department or other legal advisors. The court is aware that the EEOC "admits [that] between 2002 and the present it made telephone calls to the individuals who filed Charges of Discrimination in the *Parra* litigation and the counsel who represent them." Reply (doc. 49) at 6:1-3. From the EEOC's perspective, this admission obviates the need for discovery as to the specified in Request nine. The court disagrees. Accordingly, it denies the EEOC's motion to clarify that it is not required to respond to document Request nine. The EEOC shall be required to respond to Request nine as modified herein.

The EEOC also specifically challenges document Request 14, seeking "[a]ny and all EEOC internal *guidance* on confidentiality protections." Id., exh. 4 thereto (doc. 46-4) at 8:24 (emphasis added). The EEOC harkens back to its by now familiar refrain that this Request "goes far beyond the type of . . . information Bashas' represented that it would seek." Id. at 6:26. At this juncture the court agrees, especially because it is not at all clear what is

meant by "EEOC internal guidance[.]" See id., exh. 4 thereto (doc. 46-4) at 8:24. Thus, the court grants the EEOC's motion to clarify that it is not required to produce documents pursuant to document Request fourteen in its current form.

### ***IV. Third-party Subpoenas***

The EEOC also notes that Bashas' has served "subpoenas on the Impact Fund, Davis, Cowell & Bowe, Jocelyn Larkin, Elizabeth A. Lawrence, the UFCW Local 99, and the UFCW [International]." Mot. (doc. 46) at 6:27-7:1 (footnote omitted). Echoing its argument as to Bashas' other discovery requests, the EEOC asserts that "[m]any of the documents subpoenaed go far beyond the limits set by the court" in E.E.O.C. II. Id. at 7:1-2. The EEOC is not moving to quash or to seek a protective order as to any of those third-party subpoenas, however. Perhaps because of that Bashas' simply points to its ongoing efforts "to work with those [third-parties] to get the [subpoenaed] information needed as quickly and efficiently as possible." Resp. (doc. 48) at 6:2-3. Bashas' further notes that it has withdrawn the subpoena which it served upon the UFCW International. Id. at 6:8-9.

As to the five subpoenas which Bashas' has not withdrawn, there is no basis for taking any action at this time. None of those third-parties are moving to quash or to seek protective orders. Although it is not a party to any of those subpoenas, the EEOC could seek such relief claiming that the information sought is privileged or that it subjects the EEOC to an undue burden. See In re Remec, Inc. Sec. Litig., 2008 WL 2282647, at *1 (S.D.Cal. May 30, 2008) (footnote and citations omitted) ("A party can move for a protective order in regard to a subpoena issued to a non-party if it believes

its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information."); see also In re Ashworth, Inc. Sec. Litig., 2002 WL 33009225, at *2 (S.D.Cal. May 10, 2002) (party has standing under Rule 45 to challenge subpoena served on third-party based upon privacy interest in confidentiality of business records). The fact remains, however, that the EEOC has not done that. Thus, because the EEOC is not seeking any specific relief as to any of the outstanding third-party subpoenas, the court will not take any action now as to those subpoenas.

### *Conclusion*

For the reasons set forth above, the court hereby GRANTS in part and DENIES in part, as follows, the "Motion to Clarify Order Granting Limited Discovery" (doc. 46) by petitioner, the Equal Employment Opportunity Commission:

(1) that Motion is GRANTED to the extent that the EEOC is not required to respond to Bashas' Interrogatory No. 1 regarding "related underlying Charges, if any[;]"

(2) that Motion is GRANTED to the extent that the EEOC is not required to respond to Interrogatories Nos. 9-12; 16; and 20;

(3) that Motion also is GRANTED to the extent that the EEOC is not required to respond to Bashas' Requests for Production of Documents No. 9 in its current form; the EEOC is required, however, to respond to that Request as modified herein, *i.e.*, for the time frame of January 1, 2006 through February 2, 2009, and for the telephone records described therein for the EEOC's Phoenix District Office, including its legal department or other legal advisors;

(4) that Motion also is GRANTED to the extent that the EEOC is not required to produce documents pursuant to Request for Production of Documents No. 14 in its current form;

(5) GRANTS the EEOC's request to extend its time to respond to Bashas' discovery requests until two (2) weeks from the date of entry of this order; and

(6) in all other respects the EEOC's Motion to Clarify (doc. 46) is DENIED.

DATED this 23rd day of December, 2009.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record