**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,  Petitioner,  vs.  Bashas', Inc.,  Respondent. | No. CIV 09-0209-PHX-RCB  O R D E R |

The court's September 2, 2010 order (Doc. 67) is hereby withdrawn, and replaced with this order, which omits footnote four.

Pending before the court is a "Motion to Compel Discovery Responses and Motion for Confidentiality Order" by respondent, Bashas', Inc. (Doc. 59), which petitioner, the Equal Employment Opportunity Commission ("EEOC"), opposes (Doc. 62). Also pending is EEOC's recently filed "Motion to Strike" (Doc. 66) Bashas' reply memorandum.

### ***Background***

Assuming familiarity with the fairly lengthy and

contentious history of the present dispute, there is no need to repeat that entire history herein. This is especially so considering the relatively narrow scope of Bashas' motion to compel. In its motion, Bashas' requests that this court order the EEOC to: "(1) produce all responsive telephone records, including incoming calls; and (2) produce a complete privilege log for its discovery responses." Mot. (doc. 59). Additionally, because it believes that EEOC "'representatives'" have impermissibly (1) contacted Bashas' employees, including management, and (2) made public information about the EEOC's investigation, Bashas' seeks a confidentiality order. See id. at 7:23; and at 8:20.

### I.   *Telephone Records*

As to Bashas' request for production of telephone records,  initially the EEOC provided only records for "*Outward Call*[s][.]" Mot., exh. 9 thereto (Doc. 59-9) at EEOC-B1-00025 - EEOC-B1-00027 (emphasis added). In responding to this motion to compel, the EEOC submitted the declaration of Everett Barnes, its "Director of Telecommunications and Networking in the Office of Information Technology at EEOC Headquarters in Washington[,] D.C." Resp., exh. 1 thereto (Doc. 62-1) at 1, ¶ 1:24-27. Mr. Barnes declares that "[b]ecause the EEOC's telephone records are a byproduct of [its long distance telephone provider's] . . . billing system[,] and there is no charge to receive an incoming telephone call, there are no telephone records generated for incoming telephone calls." Id. at 2, ¶ 7. Consequently, according to Mr. Barnes, "[t]he EEOC does

1  not have any records of incoming telephone calls for the
2  Phoenix District Office." Id. at 3, ¶ 8.  Based upon the
3  foregoing, the EEOC responds that the court should deny as
4  moot Bashas' motion to compel as to the EEOC's telephone
5  records.
6       In its reply, Bashas' notes that "[i]t was not until
7  Bashas' filed [its] Motion to Compel that the EEOC provided a
8  detailed explanation of its production of telephone records
9  in its Response."  Reply (Doc. 65) at 5:27 - 6:1.  Bashas' is
10 not, however, seeking any specific relief as to the produced
11 telephone records.  Almost as an afterthought, in the last
12 sentence of its motion, Bashas' generically "requests an
13 award of its reasonable costs and fees incurred in making
14 this Motion[.]" Id. at 9:21-22.

### *II.  Privilege Log*

16       Turning to the second aspect of Bashas' motion to compel,
17 the privilege log, Bashas' claims despite "assert[ing] that
18 much of the information requested is protected from
19 disclosure by privilege, including the attorney-client and
20 governmental deliberative privilege," the EEOC is "ignor[ing]
21 Bashas' request for a privilege log."  Mot. (Doc. 59) at
22 9:24-26.  Bashas' stresses that it is not "suggest[ing] that
23 the EEOC should produce privileged documents or provide
24 detailed information in a privilege log that would disclose
25 the [EEOC's] work product." Id. at 10:8-10 (internal
26 quotation marks omitted).  Instead, Bashas' "requests that
27 the EEOC produce a privilege log with as much specificity as
28 possible, that includes all responsive documents identified

-3-

1 as privileged." Id. at 10:11-13.

2 Bashas' rationale is that the governmental deliberative 3 process privilege, which it claims the EEOC has "repeatedly 4 asserted[,] . . . has limited applicabilty. Id. at 10:12-13. 5 Further, Bashas' reasons that it "cannot debate the 6 applicability of th[at] limited privilege if the [EEOC] 7 refuses to identify privileged documents in a privileged 8 [sic] log." Id. at 10:23-24. Accordingly, Bashas' is 9 seeking a court order requiring the EEOC to "produce a 10 complete privilege log for its discovery responses." Id. at 11 10:27-28.

12 Basically it is the EEOC's position that because, as the 13 record reflects, it has "informed [Bashas'] on more than one 14 occasion that it has produced all responsive documents that 15 it possessed[,]"[1] and because "[t]here is nothing to document 16 in a privilege log[,]" the court should deny this aspect of 17 Bashas' motion to compel. Resp. (Doc. 62) at 7:14-16.

18 Bashas' replies, as it did regarding the telephone 19 records, that "it was not until [it] filed this Motion that 20 the EEOC finally clarified that it does not have any 21 additional responsive documents to these discovery requests 22 privileged or otherwise[.]" Reply (Doc. 65) at 6:1-3.  In its 23 reply, however,  Bashas' does not seek any further relief 24 pertaining to a privilege log other than the generic request 25 for attorneys' fees and costs noted earlier.

26 Indeed, Bashas' devotes the bulk of its reply to arguing,

---

[1] See, e.g., Resp., exh. 3 thereto (Doc. 62-1) at 1-2; id., exh. 4 thereto (Doc. 62-1) at 8:24-9:2.

for the first time, that it "has evidence that suggests the EEOC's response omitted hundreds of pages of documents provided to the agency by Elizabeth Lawrence, attorney for the plaintiffs in the *Parra* litigation, shortly after this Court denied the plaintiffs' second attempt to certify their pay claim." Reply (Doc. 65) at 1:19-22. Bashas' further claims that "[t]he documents provided by Ms. Lawrence suggest that other EEOC discovery responses are incomplete." Id. at 1:23. Thus, pursuant to Fed. R. Civ. P. 27, "Bashas' requests that the Court order the EEOC to supplement incomplete responses to its requests." Id. at 1:23-24. Bashas' attaches to its reply sixteen supporting exhibits, including eight declarations from Bashas' employees. All eight claim to have been approached outside Bashas' stores by people purporting to be investigating wage and treatment discrimination at Bashas'.

### III. *Confidentiality Order*

Bashas' motion for a confidentiality order arises from activities outside several of its stores on June 23, 2010. Bashas' asserts that immediately following the bankruptcy court's denial of discovery to the Parra plaintiffs, EEOC "'representatives[,]'" who "identified themselves as representing 'Pat Miner, EEOC Investigator[,]'" appeared outside several of Bashas' stores. Mot. (Doc. 59) at 7:23-26. According to Bashas', those individuals approached Bashas' employees, including managers, "advis[ing] them of a 'case' against Bashas' and 'discrimination' by Bashas'." Id. at 7:20-21 (emphasis omitted).

-5-

When Bashas' attorney learned of this conduct, she contacted Ms. Miner right away, demanding that the EEOC discontinue such contact with Bashas' employees. See Mot., exh. 17 thereto (Doc. 59-17) at 2-4. At that time, Bashas' advised the EEOC of its position that such conduct "seemed to run afoul of 28 U.S.C. §[] 2000e-5(b)'s[2] requirement that 'Charges shall not be made public by the Commission.'" Id. at 8:21-22 (footnote added); see also id., exh. 17 thereto (Doc. 59-17) at 2-4. Bashas' further advised the EEOC that it deemed that conduct to be "contrary to 28 U.S.C. § 2000e-8(e)[.]"[3] Id. at 8:23; see also id., exh. 17 thereto (Doc. 59-17) at 2-3. The primary thrust of that statute is to make strictly confidential any information the EEOC obtains as part of its investigation "prior to the institution of any proceeding [there]under[.]" 42 U.S.C. § 2000e-8(e) (West 2003).

Claiming that the EEOC is in "blatant disregard [of] its own internal confidentiality rules," Bashas' is requesting that the court enter a confidentiality order as follows:

> No officer or employee of the [EEOC] shall make public in any manner whatever any information obtained by the [EEOC] pursuant to its authority prior to the institution of any proceeding involving such information. Any officer or employee of the [EEOC] who shall make public in any manner whatever any

---

[2] Bashas' mistakenly relies upon Title 28 of the United States Code, when the language which it is quoting is from Title 42 of that Code. In fact, Title 28 does not contain a section 2000e.

[3] Again, Bashas' mistakenly relies upon Title 28 of the United States Code, when obviously it intended to rely upon 42 U.S.C. § 2000e-8(e). The court is proceeding upon the assumption that Bashas' intended to rely upon §§ 2000e-5(b) and 2000e-8(e) as found in Title 42 of the United States Code.

- 6 -

1  information in violation of this subsection *shall be guilty of contempt* of Court.

Id. at 11:3-6 (emphasis added).

Succinctly put, the EEOC responds that Bashas' is impermissibly seeking "to involve the Court in the [this] administrative investigation without any legal authority to support its position." Resp. (Doc. 62) at 13:21-22. The EEOC also sharply disputes Bashas' depiction of the encounters between Bashas' employees and EEOC investigators. The EEOC is adamant; its investigators are simply following their statutory and regulatory mandate to interview witnesses. In carrying out that mandate, the EEOC is equally adamant that its investigators are complying with all applicable statutes, rules, regulations, and the EEOC's own Compliance Manual. Therefore, the EEOC asserts that this court should deny Bashas' motion for a confidentiality order.

Bashas' retorts that despite how the EEOC depicts its interviews with Bashas' employees, those interviews "most certainly w[ere] not 'normal' according [to] the EEOC's own guidelines." Reply (Doc. 65) at 7:19-20. Bashas' then goes on to enumerate the ways in which it believes the EEOC failed to follow its own "guidelines." See id. at 8:5-15. For example, Bashas' points to a sentence in the EEOC's Compliance Manual stating, "Interview witnesses under conditions which assure privacy." Resp., exh. 5 thereto (Doc. 62-1) at 23-3, § 23.6(b). By contacting Bashas' employees "in Bashas' parking lots, . . . where Bashas' customers and other members of the public were coming and going[,]" Bashas' strongly

-7-

1 suggests that the EEOC violated that privacy provision.  See
2 Reply (Doc. 65) at 8:10-11.  Bashas' further challenges the
3 EEOC's failure to address the EEOC's alleged violations of 42
4 U.S.C. §§ 2000e-5(b) and 2000e-8(e).

5     Somewhat tellingly, Bashas' acknowledges the possibility
6 that the court may "choose[] not to address [its] request for
7 a confidentiality order in this Motion[.]" Id. at 9:12-13.  In
8 that event, Bashas' adds that "the EEOC's heavy-handed
9 approach to its self-initiated charge most certainly questions
10 the legitimacy of the administrative subpoena and
11 Commissioner's Charge, and demonstrates the confidentiality
12 concerns raised in the subpoena enforcement action." Id. at
13 9:13-16.

### ***Discussion***

### ***I. Motion to Compel***

16     Bashas' has all the telephone records which are available
17 for production from the EEOC, as the Barnes' declaration in
18 particular makes clear.  Further, as the EEOC has explained,
19 there are no documents to include in a privilege log.  See
20 Resp. (Doc. 62) at 6:1 - 9:2.  The court therefore denies as
21 moot Bashas' motion to compel as to telephone records and a
22 privilege log.  See Dilbert v. Potter, 2009 WL 1517734, at *8
23 (N.D. Cal. June 1, 2009) (denying as moot plaintiff's motion
24 to compel where defendant filed a declaration "stating that
25 all medical records in existence and responsive to Plaintiff's
26 document requests ha[d] been produced"); see also Miller v.
27 Woodford, 2010 WL 2850776, at *2 (E.D.Cal. July 20, 2010)
28 (denying motion to compel document production where defense

-8-

1 counsel verified that there were no responsive documents to
2 compel).

3    In its reply, Bashas' significantly expanded the scope of
4 its initial discovery motion.  Instead of limiting its request
5 for relief to telephone records and a privilege log, as it did
6 in its motion, in Bashas' reply it seeks to compel production
7 of, *inter alia*, potentially "hundreds of pages of documents
8 provided to [the EEOC] by Elizabeth Lawrence, attorney for the
9 plaintiffs in the *Parra* litigation[.]" Reply (Doc. 65) at
10 1:19-21.  The court declines to consider this argument made
11 for the first time in Bashas' reply.  See Dawe v. Corrections
12 USA, 2010 WL 1689107, at *2 (E.D. Cal. April 26, 2010) (citing
13 Cross v. Washington, 911 F.2d 341, 345 (9th Cir. 1990))
14 ("Because these arguments were not raised in [defendant's]
15 initial motion their inclusion in the reply was improper.");
16 and Schultz v. Ichimoto, 2010 WL 3210764, at *1 (E.D.Cal. Aug.
17 10, 2010) (citing, *inter alia*, United States v. Bohn, 956 F.2d
18 208, 209 (9th Cir. 1992)) ("Normally, arguments raised for the
19 first time in a reply brief or at the hearing on a motion are
20 disregarded.")  The obvious reason for declining to consider
21 this belated argument by Bashas' is prejudice to the EEOC
22 given its lack of an opportunity to respond.  The court,
23 therefore, abides by its prior rulings herein and denies in
24 all respects Bashas' motion
25 to compel discovery.

26 ***II.   Motion for Confidentiality Order***

27    The court also denies Bashas' motion for a
28 confidentiality order, but for different reasons.  First,

- 9 -

Bashas' has not provided a sufficient legal or factual basis for such relief.  Bashas' has not cited to any legal authority to support the entry of such a confidentiality order.  Further, the supporting declarations contain relatively little detail about the declarants' encounters with EEOC investigators.  Without the gloss of counsel, those declarations show that those encounters were fairly innocuous.  Second, the EEOC through its counsel, explicitly recognizes that it "and its employees are bound by, and follow, the relevant law."  Resp. (Doc. 62) at 14:18-19.  Third, Bashas' proposed confidentiality order borrows language from 42 U.S.C. § 2000e-5(b) and 42 U.S.C. § 2000e-8(e), and, hence, it is duplicative.  Fourth, as drafted, the proposed confidentiality order is potentially overbroad especially insofar as it mandates a finding of contempt without affording any process.  Accordingly, the court DENIES Bashas' motion for a confidentiality order.

### ***III.  Motion to Strike***

Disregarding the arguments made for the first time in Bashas' reply, renders moot the EEOC's motion to strike that reply and its accompanying exhibits.  The court, therefore, DENIES that motion to strike.

For the reasons set forth herein, IT IS ORDERED that:

(1) this court's September 2, 2010 order (Doc. 67) is hereby WITHDRAWN;

(2) the "Motion to Compel Discovery Response and Motion for Confidentiality Order" (Doc. 59) is DENIED in its entirety; and

- 10 -

1   (3) the "Motion to Strike" (Doc. 66) is DENIED as moot.
2   DATED this 15th day of September, 2010.

<br>

_____
Robert C. Broomfield
Senior United States District Judge

Copies to all counsel of record

- 11 -