**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Petitioner, <br><br> vs. <br><br> Bashas', Inc., <br><br> Respondent. | No. CIV 09-0209 PHX RCB <br><br> O R D E R |

On September 30, 2011, this court ordered, *inter alia*, that "within ten (10) days of the date [t]hereof the parties *shall* file with the court, for its review and approval, a *joint* proposed confidentiality order." Ord. (Doc. 104) at 63:17-19[1] (emphasis added). Jointly seeking an extension of time in which to submit such an order, the parties indicated that they were "hopeful" that an "extension w[ould] allow them to work through differing concerns

---

[1] For ease of reference, all citations to page numbers of docketed items are to the page assigned by the court's case management and electronic case filing (CM/ECF) system.

and jointly submit a proposed order." Mot. (Doc. 105) at 1:18-19. Even with an extension, the parties were unable to "work through" their differences. See id. The petitioner, the Equal Employment Opportunity Commission ("EEOC"), and the respondent, Bashas', Inc., therefore, each submitted separate proposed confidentiality orders for this court's review. Consequently, the court now has before it two very divergent proposed confidentiality orders.

### *Discussion*

### *I. Need for Confidentiality Order*

Before comparing the substance of those orders, the court is compelled to make explicit what was formerly implicit - - the need for a confidentiality order here extending beyond the statutory and regulatory safeguards already in place. In the ordinary EEOC subpoena enforcement action, those safeguards would adequately protect a respondent/employer's confidentiality concerns. This has been anything but an ordinary EEOC subpoena enforcement action though, as thoroughly discussed in prior court orders.[2]

Vigorously opposing this EEOC investigation, Bashas' maintained that this subpoena enforcement action constituted an abuse of process. Central to Bashas' abuse of process theory is the notion that the EEOC is pursuing this investigation with an improper motive, *i.e.*, "to bolster the struggling *Parra*[3] litigation." Resp.'s Brief (Doc. 103) at 4:11 (footnote added).

---

[2] See, e.g., EEOC v. Bashas', Inc., Doc. 104 (Sept. 30, 2011); EEOC v. Bashas', Inc., 2009 WL 3241763 (D.Ariz. Sept. 30, 2009); and EEOC v. Bashas', Inc., 2009 WL 1783437 (D.Ariz. June 18, 2009). The court assumes familiarity with those decisions and, for the sake of brevity, adopts the relevant parts as if fully set forth herein.

[3] Parra refers to the related private class action of Parra v. Bashas', Inc., No. CIV 02-0591, familiarity with which also is assumed.

1  Ultimately, however, Bashas' was unable to prove that theory with
2  the requisite degree of proof.  Hence, the court granted the EEOC's
3  renewed Order to Show Cause ("OSC") to enforce the subject
4  subpoena, albeit with some modifications.
5      Nonetheless, the hearing on that OSC heightened rather than
6  allayed the court's concerns as to the EEOC's conduct herein.  The
7  court cannot turn a blind eye to the strong correlation between
8  setbacks for the plaintiffs in the Parra litigation and the EEOC's
9  conduct herein.  To be sure, Bashas' did not establish that the
10 initiation of the Commissioner's Charge; the timing of the filing
11 of this action; or the timing of other aspects of this
12 investigation, such the EEOC's requests for Bashas' employee data,
13 were tantamount to an abuse of process.  The record as a whole, and
14 especially the testimony of Ms. O'Neill, the Regional Attorney for
15 the EEOC's Phoenix District Office, leaves the court with grave
16 concerns, however, regarding the close ties between the EEOC and
17 counsel for the plaintiffs in Parra.  That relationship gives the
18 court even more pause at this juncture because to comply with the
19 EEOC's subpoena, Bashas' must produce a fairly wide range of
20 employee payroll and personnel data  - data to which this court
21 previously held that the Parra plaintiffs were not entitled.
22     Perhaps the subpoenaed personnel and payroll data in the
23 present case is not as "*exceptionally* sensitive" as the employment-
24 related tests in EEOC v. Aon Consulting, Inc., 149 F.Supp.2d 601
25 (S.D.Ind. 2001), where the court required that such information "be
26 kept confidential from the charging party."  Id. at 608 (emphasis
27 added); see also EEOC v. C & P Telephone Co., 813 F.Supp. 874
28 (D.D.C.1993) (permitting a limited confidentiality agreement to

1  protect employment tests).  Likewise, arguably the subpoenaed data
2  herein is not as sensitive as the "personally identifiable medical
3  information and records [of] other employees" in EEOC v. Alabama
4  Dep't of Youth Services, 2006 WL 1766785, at *3 (M.D.Ala. 2006),
5  which the EEOC was prohibited from disclosing to the charging party
6  without prior court approval.

7       Partially due to the breadth of the subpoenaed employee data
8  though, potentially it is quite sensitive.  That data becomes even
9  more sensitive taking into account the close nature of the
10 relationship between the EEOC and counsel for the Parra plaintiffs,
11 and the substantial similarity between the Commissioner's Charge
12 and the allegations in Parra.  Indeed, the combination of those two
13 factors renders a confidentiality order even more of a necessity
14 here than in the foregoing cases.  Bolstering this finding is the
15 fact that a non-disclosure agreement under section 83 of the
16 Compliance Manual, alluded to in the EEOC's proposed order, would
17 not sufficiently protect Bashas' interests.  See C & P Telephone,
18 813 F.Supp. at 877 (EEOC did not adequately assure respondents that
19 their interests would be protected by a section 83 non-disclosure
20 agreement because it was "unclear how the EEOC effectively could
21 enforce such an agreement[]").  In sum, the unique circumstances of
22 this particular EEOC investigation mandate entry of a
23 confidentiality order to safeguard Bashas' interest in maintaining
24 the confidentiality of its employee data.

***II.  Contents of Proposed Confidentiality Orders***

26      In submitting its proposed order, Bashas' explains how the
27 parties arrived at an impasse and hence the submission of separate
28 orders.  Rather than engaging in any meaningful dialogue with

-4-

1  respect to the parties' differences, the EEOC's stance has
2  continued to be one of intransigence.  The EEOC's response to
3  Bashas' proposed draft best exemplifies that intransigence.  After
4  "review[ing] prior versions of drafts circulated between" the
5  parties earlier in this litigation, the objections thereto, and
6  this court's order requiring a confidentiality order, "Bashas'
7  prepared a revised draft of its proposed Order, . . . specifically
8  deal[ing] with" the EEOC's concerns.  See Bashas' Filing Regarding
9  Confidentiality Order as Ordered by Court ("Resp.'s Filing") (Doc.
10 108) at 1:19-22.  Additionally, Bashas' prepared a chart
11 summarizing the differences between the parties' respective
12 proposed orders.  See Summary of Differences between Bashas' and
13 EEOC's Proposed Confidentiality Agreements ("Summary") (Doc. 108-
14 2).  That chart also includes "Bashas' Proposed Resolution[s][.]"
15 Id.  Further, as part of its revision process Bashas' conceded that
16 the EEOC did not have to return to Bashas' all confidential
17 documents and copies.  Resp.'s Filing, exh. 1 thereto (Doc. 108-1)
18 at 16.
19      In response, the EEOC sent a draft order previously rejected
20 by Bashas'.  See id. at 1:26-27.  The omission of a single citation
21 was the only difference between the two EEOC drafts.  See id. at
22 1:27.  Evidently the EEOC did not address Bashas' summary of
23 differences, nor Bashas' proposed resolutions.  Instead, according
24 to Bashas', the EEOC reiterated its "unwilling[ness] to enter into
25 any order that goes beyond the requirements of . . . FOIA [Freedom
26 of Information Act] or the confidentiality provided for in EEOC
27 regulations."  Id. at 2:2-4.  In fact, the EEOC submitted its
28 proposed order to this court while simultaneously "maintain[ing]

1  that no confidentiality order is needed or appropriate" here.
2  Petitioner EEOC's Proposed Confidentiality Order ("Pet.'s Prop.
3  Ord.") (Doc. 107) at 1:24.
4      The EEOC's proposed order (barely one page long) adheres to
5  its view that Title VII's two prohibitions against public
6  disclosure, 42 U.S.C. §§ 2000e-5(b)[4] and 2000e-8(e);[5] its own
7  similar non-disclosure rule, 29 C.F.R. § 1601.22[6]; and section 83
8  of the EEOC's Compliance Manual,[7] are sufficient "to maintain the
9  confidentiality of information contained in its investigative
10 files." Id. at 2:8-9.  Disclosure in violation of sections 2000e-
11 5(b) and 20003-8(e) is punishable by a fine of up to $1,000 or
12 imprisonment up to one year, or both.  In its proposed order the
13 EEOC also recognizes its obligation to comply with disclosure
14 requests made pursuant to the FOIA, 5 U.S.C. § 552, *et seq.* See
15 id., exh. A thereto (Doc. 107-1) at 1, ¶¶ II(4); and III (6).  In
16 requesting entry of its proposed order, without any explanation,
17 the EEOC asserts that "[i]mposing additional burdens and restraints

---

[4]   In addition to prohibiting the EEOC from making "public" its charges, that section "also forbids the public disclosure or use in a subsequent proceeding of any information acquired during the informal procedures." EEOC v. Recruit U.S.A., Inc., 939 F.2d 746, 751 (9th Cir. 1991) (citations omitted).

[5]   The EEOC's proposed order mistakenly refers to 42 U.S.C. "2000-8(e)[.]" Pet.'s Prop. Ord. (Doc. 107), exh. A thereto (Doc. 107-1) at 1, ¶ II(4). There is no such statute so presumably the EEOC meant to refer to section 2000e-8(e). Among other things, that section makes it "unlawful for any officer or employee of the" EEOC "to make public in any manner . . . information obtained by the" EEOC "prior to the institution of any proceeding . . . involving such information." 42 U.S.C. § 2000e-8(e).

[6]   Much like Title VII's non-disclosure provisions, this EEOC regulation provides that an EEOC charge and "any information obtained during the investigation of" a charge of discrimination under Title VII "shall" not "be made matters of public information" by the EEOC "prior to the institution of any proceeding under . . . Title VII involving such charge or information." 29 C.F.R. § 1601.22.

[7]   That section governs the "Disclosure of Information in Open Files[.]" EEOCCM § 83.1, 2006 WL 4673280 (emphasis omitted).

- 6 -

1  . . . beyond what" the foregoing "already requires would impede its
2  ability to conduct [sic] investigation."  Id. at 3:6-9.
3       The EEOC's response and proposed order is troubling,
4  especially in the face of this court's September 30, 2011, order.
5  If this court were convinced that the existing statutory and
6  regulatory protections were adequate, it would not have ordered the
7  submission of a joint proposed confidentiality order.  Clearly the
8  court contemplated that the parties would jointly agree to some
9  additional protections.
10       Not unexpectedly, Bashas' proposed eight page order contains
11 far more detail than does the EEOC's.  Bashas' chart summarizing
12 the differences between the parties' orders is illuminating.
13 After reviewing that summary, comparing the two proposed orders,[8]
14 and taking into account the exceedingly rare and unique
15 circumstances of this proceeding, the court finds that a
16 confidentiality order substantially in the form which Bashas'
17 proposes is necessary.
18       Before outlining the specific terms of Bashas' proposed
19 order, it is noteworthy that the EEOC's proposed order does not
20 include any sections corresponding to paragraphs 11 through 19 of
21 Bashas' proposed order.  After carefully considering each of those
22 paragraphs, essentially the court will include those paragraphs in
23 the form which Bashas' proposes.
24       Several of Bashas' other proposed provisions warrant closer

---

[8] The order which the EEOC eventually submitted to this court differs from the one that it provided to Bashas' when they were attempting to agree on the terms of a joint proposed order.  The EEOC's order for this court's consideration omits the final paragraph, which puts the burden on Bashas' to identify any documents it believes are exempt from production under FOIA.  See Resp.'s Filing (Doc. 108), exh. 3 thereto (Doc. 108-3) at 3, ¶ III(8).

scrutiny though.  The first pertains to the distinction between "confidential information" and "confidential commercial information."  Bashas' defines "confidential information" to "mean[] any document designated in good faith by counsel as confidential in accordance with the terms of this Order[,]" Resp.'s Prop. Ord. (Doc. 108-1) at 3:5-7, ¶ I(c), whereas the EEOC's proposed order does not define "confidential information."  Nor does it allow for a document to be designated as such.  Instead, the EEOC's proposed order refers only to the narrower category of "[c]onfidential *commercial* information[,]" which it vows not to disclose "except in accordance with 29 C.F.R. § 1610.19[,]" Pet.'s Prop. Ord. (Doc. 107-1) at 2, ¶ III(7) (emphasis added), governing "[p]redisclosure notification procedures for confidential commercial information."  29 C.F.R. § 1610.19.  That type of confidential information is "arguably exempt for disclosure under [FOIA exemption four], because disclosure could reasonably be expected to cause substantial competitive harm."  29 C.F.R. § 1610.19(a)(1).  Unlike confidential information in general, FOIA specifically exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]" 5 U.S.C. § 552(b)(4).

So that information other that strictly "commercial" may be designated as "confidential," Bashas' proposed order allows "the producing party [to] designate [a] document as Confidential Information."  Resp.'s Prop. Order (Doc. 108-1) at 3:17-18, ¶ 3.  Paragraph 13 of that order includes a process for objecting to the "Confidential Information" designation.  Basically, that paragraph

1  allows for written objections if a party wishes to challenge the
2  "Confidential Information" designation.  And, if the parties
3  cannot resolve the issue, after the mandatory "filing] [of]
4  simultaneous briefs, not to exceed two pages[,]" the court will
5  decide the confidentiality issue.  See id. at 7:18, ¶ 13.

6       Bashas' proposed resolution regarding the designation of
7  "Confidential Information" and objections thereto differs from what
8  its proposed order actually states in one significant way.  Bashas'
9  proposed resolution requires the parties to "confer in good faith
10 in an attempt to resolve the matter" of confidentiality
11 designations, Summary (Doc. 108-2) at 2, but its proposed order
12 omits that language.  The court will import that good faith
13 requirement into paragraph 13 of the confidentiality order adopted
14 herein.

15      Another significant issue pertains to the scope of disclosure
16 of confidential information.  The EEOC's proposed order does not
17 limit to whom it may disclose confidential information.  The EEOC's
18 order does not even require that a witness or expert agree not to
19 disclose confidential information.

20      Bashas' proposed order, on the other hand, specifically states
21 that "[n]o party shall disclose the content of any document marked
22 'confidential,' except to: attorneys, testifying witnesses (and
23 only upon an agreement to keep it confidential), court reporters,
24 the court, the parties, and testifying experts."  Summary (Doc.
25 108-2) at 2, (citation omitted).  "Other than [those] categories
26 . . . , [the] EEOC cannot disclose confidential information to
27 anyone, including aggrieved persons, unless it obtains written
28 permission from Bashas'."  Id.  To address the EEOC's "concerns

about being able to release the file or portions thereto to 'aggrieved parties[,]'" Bashas' proposed order contains some further limitations on disclosure of confidential information to "aggrieved persons."[9] Resp.'s Filing (Doc. 108) at 2:8-9. Those limitations are set forth in full below at paragraph 4(g). The EEOC did not object or in any way indicate its disagreement with that paragraph. Accordingly, the confidentiality order herein will include that paragraph.

One other paragraph in Bashas' proposed order warrants specific consideration – requests to the EEOC for documents which Bashas' has identified as confidential under FOIA. After closely examining paragraph nine, pertaining to that issue, the court will adopt the following modified version of that paragraph:[10]

> If upon completion of the EEOC's investigation and prior to the completion of any subsequent litigation, ~~it~~ <u>the EEOC</u> receives a request for documents identified by Bashas' as Confidential pursuant to the Freedom of Information Act ("FOIA"), the EEOC ~~agrees~~ <u>shall</u> ~~to~~ provide Bashas' with notice of such request so that Bashas' has an opportunity to object to its disclosure under one of the exemptions to the Act. The EEOC shall provide Bashas' with such notice (through its counsel), including the wording of the request and the identity of the person making the request, within five (5) business days of a FOIA request. <u>Simultaneously therewith the EEOC shall notify the requester that notice and opportunity to comment are being provided to Bashas'.</u> Bashas' shall respond to the EEOC's notice within five (5) business days, <u>providing the EEOC with a detailed statement of its objections to disclosure. The EEOC shall consider carefully any such objections submitted by Bashas'.</u> If the EEOC determines that FOIA requires it to disclose the Confidential Information despite Bashas' objection(s), it shall promptly notify Bashas' <u>and the</u>

---

[9] Consistent with Title VII and its proposed order, presumably Bashas' means "aggrieved persons," as distinguished from "aggrieved parties."

[10] The court is striking all language with a line through it. Underlining denotes added language.

- 10 -

| | |
|---|---|
| 1 | <u>requester</u> of such decision ~~and~~<u>.</u> The EEOC shall not respond to any <u>such</u> FOIA request until Bashas' has the |
| 2 | opportunity to assert its objection(s)and seek a protective order from ~~the~~ <u>this</u> ~~F~~<u>f</u>ederal District |
| 3 | Court ~~to the extent allowed by law,~~<u>.</u> Bashas' shall <u>assert such objection(s), if any, and seek a protective</u> |
| 4 | <u>order, if any, within</u> ~~a time period of at least~~ fourteen (14) days after such notification is actually received |
| 5 | by Bashas'. |

Resp.'s Prop. Ord. (Doc. 108-1) at 6:9-26, ¶ 9 (as modified).

    For the reasons just discussed, after considering the parties' respective proposed confidentiality orders (Docs. 107-1 and 108-1,p. 2-10), the court hereby **ORDERS** the entry of a Confidentiality Order, which is being separately filed simultaneously herewith.

    DATED this 8th day of December, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

- 11 -