1  **WO**

7                IN THE UNITED STATES DISTRICT COURT

8                    FOR THE DISTRICT OF ARIZONA

12  Equal Employment Opportunity    )
    Commission,                     )
13                                  )
                    Petitioner,     )    No. CIV 09-0209 PHX RCB
14                                  )
             vs.                    )         O R D E R
15                                  )
    Bashas', Inc.,                  )
16                                  )
                                    )
17                  Respondent.     )
    _____)

19        On September 30, 2011, this court ordered, *inter alia*, that

20  "within ten (10) days of the date [t]hereof the parties *shall* file

21  with the court, for its review and approval, a *joint* proposed

22  confidentiality order."  Ord. (Doc. 104) at 63:17-19[1] (emphasis

23  added).  Jointly seeking an extension of time in which to submit

24  such an order, the parties indicated that they were "hopeful" that

25  an "extension w[ould] allow them to work through differing concerns

27  _____

         [1]       For ease of reference, all citations to page numbers of docketed items
28  are to the page assigned by the court's case management and electronic case filing
    (CM/ECF) system.

and jointly submit a proposed order." Mot. (Doc. 105) at 1:18-19. Even with an extension, the parties were unable to "work through" their differences. See id. The petitioner, the Equal Employment Opportunity Commission ("EEOC"), and the respondent, Bashas', Inc., therefore, each submitted separate proposed confidentiality orders for this court's review. Consequently, the court now has before it two very divergent proposed confidentiality orders.

***Discussion***

## *I. Need for Confidentiality Order*

Before comparing the substance of those orders, the court is compelled to make explicit what was formerly implicit - - the need for a confidentiality order here extending beyond the statutory and regulatory safeguards already in place. In the ordinary EEOC subpoena enforcement action, those safeguards would adequately protect a respondent/employer's confidentiality concerns. This has been anything but an ordinary EEOC subpoena enforcement action though, as thoroughly discussed in prior court orders.[2]

Vigorously opposing this EEOC investigation, Bashas' maintained that this subpoena enforcement action constituted an abuse of process. Central to Bashas' abuse of process theory is the notion that the EEOC is pursuing this investigation with an improper motive, *i.e.*, "to bolster the struggling *Parra*[3] litigation." Resp.'s Brief (Doc. 103) at 4:11 (footnote added).

---

[2] See, e.g., EEOC v. Bashas', Inc., Doc. 104 (Sept. 30, 2011); EEOC v. Bashas', Inc., 2009 WL 3241763 (D.Ariz. Sept. 30, 2009); and EEOC v. Bashas', Inc., 2009 WL 1783437 (D.Ariz. June 18, 2009). The court assumes familiarity with those decisions and, for the sake of brevity, adopts the relevant parts as if fully set forth herein.

[3] Parra refers to the related private class action of Parra v. Bashas', Inc., No. CIV 02-0591, familiarity with which also is assumed.

Ultimately, however, Bashas' was unable to prove that theory with the requisite degree of proof. Hence, the court granted the EEOC's renewed Order to Show Cause ("OSC") to enforce the subject subpoena, albeit with some modifications.

Nonetheless, the hearing on that OSC heightened rather than allayed the court's concerns as to the EEOC's conduct herein. The court cannot turn a blind eye to the strong correlation between setbacks for the plaintiffs in the Parra litigation and the EEOC's conduct herein. To be sure, Bashas' did not establish that the initiation of the Commissioner's Charge; the timing of the filing of this action; or the timing of other aspects of this investigation, such the EEOC's requests for Bashas' employee data, were tantamount to an abuse of process. The record as a whole, and especially the testimony of Ms. O'Neill, the Regional Attorney for the EEOC's Phoenix District Office, leaves the court with grave concerns, however, regarding the close ties between the EEOC and counsel for the plaintiffs in Parra. That relationship gives the court even more pause at this juncture because to comply with the EEOC's subpoena, Bashas' must produce a fairly wide range of employee payroll and personnel data - data to which this court previously held that the Parra plaintiffs were not entitled.

Perhaps the subpoenaed personnel and payroll data in the present case is not as "*exceptionally* sensitive" as the employment-related tests in EEOC v. Aon Consulting, Inc., 149 F.Supp.2d 601 (S.D.Ind. 2001), where the court required that such information "be kept confidential from the charging party." Id. at 608 (emphasis added); see also EEOC v. C & P Telephone Co., 813 F.Supp. 874 (D.D.C.1993) (permitting a limited confidentiality agreement to

protect employment tests).  Likewise, arguably the subpoenaed data herein is not as sensitive as the "personally identifiable medical information and records [of] other employees" in EEOC v. Alabama Dep't of Youth Services, 2006 WL 1766785, at *3 (M.D.Ala. 2006), which the EEOC was prohibited from disclosing to the charging party without prior court approval.

Partially due to the breadth of the subpoenaed employee data though, potentially it is quite sensitive.  That data becomes even more sensitive taking into account the close nature of the relationship between the EEOC and counsel for the Parra plaintiffs, and the substantial similarity between the Commissioner's Charge and the allegations in Parra.  Indeed, the combination of those two factors renders a confidentiality order even more of a necessity here than in the foregoing cases.  Bolstering this finding is the fact that a non-disclosure agreement under section 83 of the Compliance Manual, alluded to in the EEOC's proposed order, would not sufficiently protect Bashas' interests.  See C & P Telephone, 813 F.Supp. at 877 (EEOC did not adequately assure respondents that their interests would be protected by a section 83 non-disclosure agreement because it was "unclear how the EEOC effectively could enforce such an agreement[]").  In sum, the unique circumstances of this particular EEOC investigation mandate entry of a confidentiality order to safeguard Bashas' interest in maintaining the confidentiality of its employee data.

## II.  Contents of Proposed Confidentiality Orders

In submitting its proposed order, Bashas' explains how the parties arrived at an impasse and hence the submission of separate orders.  Rather than engaging in any meaningful dialogue with

respect to the parties' differences, the EEOC's stance has
continued to be one of intransigence. The EEOC's response to
Bashas' proposed draft best exemplifies that intransigence. After
"review[ing] prior versions of drafts circulated between" the
parties earlier in this litigation, the objections thereto, and
this court's order requiring a confidentiality order, "Bashas'
prepared a revised draft of its proposed Order, . . . specifically
deal[ing] with" the EEOC's concerns. See Bashas' Filing Regarding
Confidentiality Order as Ordered by Court ("Resp.'s Filing") (Doc.
108) at 1:19-22. Additionally, Bashas' prepared a chart
summarizing the differences between the parties' respective
proposed orders. See Summary of Differences between Bashas' and
EEOC's Proposed Confidentiality Agreements ("Summary") (Doc. 108-
2). That chart also includes "Bashas' Proposed Resolution[s][.]"
Id. Further, as part of its revision process Bashas' conceded that
the EEOC did not have to return to Bashas' all confidential
documents and copies. Resp.'s Filing, exh. 1 thereto (Doc. 108-1)
at 16.

In response, the EEOC sent a draft order previously rejected
by Bashas'. See id. at 1:26-27. The omission of a single citation
was the only difference between the two EEOC drafts. See id. at
1:27. Evidently the EEOC did not address Bashas' summary of
differences, nor Bashas' proposed resolutions. Instead, according
to Bashas', the EEOC reiterated its "unwilling[ness] to enter into
any order that goes beyond the requirements of . . . FOIA [Freedom
of Information Act] or the confidentiality provided for in EEOC
regulations." Id. at 2:2-4. In fact, the EEOC submitted its
proposed order to this court while simultaneously "maintain[ing]

1   that no confidentiality order is needed or appropriate" here.

2   Petitioner EEOC's Proposed Confidentiality Order ("Pet.'s Prop.

3   Ord.") (Doc. 107) at 1:24.

4        The EEOC's proposed order (barely one page long) adheres to

5   its view that Title VII's two prohibitions against public

6   disclosure, 42 U.S.C. §§ 2000e-5(b)[4] and 2000e-8(e);[5] its own

7   similar non-disclosure rule, 29 C.F.R. § 1601.22[6]; and section 83

8   of the EEOC's Compliance Manual,[7] are sufficient "to maintain the

9   confidentiality of information contained in its investigative

10  files." Id. at 2:8-9. Disclosure in violation of sections 2000e-

11  5(b) and 20003-8(e) is punishable by a fine of up to $1,000 or

12  imprisonment up to one year, or both. In its proposed order the

13  EEOC also recognizes its obligation to comply with disclosure

14  requests made pursuant to the FOIA, 5 U.S.C. § 552, *et seq.* See

15  id., exh. A thereto (Doc. 107-1) at 1, ¶¶ II(4); and III (6). In

16  requesting entry of its proposed order, without any explanation,

17  the EEOC asserts that "[i]mposing additional burdens and restraints

18

---

19      [4]   In addition to prohibiting the EEOC from making "public" its charges,
    that section "also forbids the public disclosure or use in a subsequent proceeding
20  of any information acquired during the informal procedures." EEOC v. Recruit
    U.S.A., Inc., 939 F.2d 746, 751 (9th Cir. 1991) (citations omitted).

21      [5]   The EEOC's proposed order mistakenly refers to 42 U.S.C. "2000-8(e)[.]"
    Pet.'s Prop. Ord. (Doc. 107), exh. A thereto (Doc. 107-1) at 1, ¶ II(4). There is
22  no such statute so presumably the EEOC meant to refer to section 2000e-8(e). Among
    other things, that section makes it "unlawful for any officer or employee of the"
23  EEOC "to make public in any manner . . . information obtained by the" EEOC "prior
    to the institution of any proceeding . . . involving such information." 42 U.S.C.
24  § 2000e-8(e).

25      [6]   Much like Title VII's non-disclosure provisions, this EEOC regulation
    provides that an EEOC charge and "any information obtained during the investigation
26  of" a charge of discrimination under Title VII "shall" not "be made matters of
    public information" by the EEOC "prior to the institution of any proceeding under
27  . . . Title VII involving such charge or information." 29 C.F.R. § 1601.22.

        [7]   That section governs the "Disclosure of Information in Open Files[.]"
28  EEOCCM § 83.1, 2006 WL 4673280 (emphasis omitted).

. . . beyond what" the foregoing "already requires would impede its ability to conduct [sic] investigation." Id. at 3:6-9.

The EEOC's response and proposed order is troubling, especially in the face of this court's September 30, 2011, order. If this court were convinced that the existing statutory and regulatory protections were adequate, it would not have ordered the submission of a joint proposed confidentiality order. Clearly the court contemplated that the parties would jointly agree to some additional protections.

Not unexpectedly, Bashas' proposed eight page order contains far more detail than does the EEOC's. Bashas' chart summarizing the differences between the parties' orders is illuminating. After reviewing that summary, comparing the two proposed orders,[8] and taking into account the exceedingly rare and unique circumstances of this proceeding, the court finds that a confidentiality order substantially in the form which Bashas' proposes is necessary.

Before outlining the specific terms of Bashas' proposed order, it is noteworthy that the EEOC's proposed order does not include any sections corresponding to paragraphs 11 through 19 of Bashas' proposed order. After carefully considering each of those paragraphs, essentially the court will include those paragraphs in the form which Bashas' proposes.

Several of Bashas' other proposed provisions warrant closer

---

[8] The order which the EEOC eventually submitted to this court differs from the one that it provided to Bashas' when they were attempting to agree on the terms of a joint proposed order. The EEOC's order for this court's consideration omits the final paragraph, which puts the burden on Bashas' to identify any documents it believes are exempt from production under FOIA. See Resp.'s Filing (Doc. 108), exh. 3 thereto (Doc. 108-3) at 3, ¶ III(8).

scrutiny though.  The first pertains to the distinction between "confidential information" and "confidential commercial information."  Bashas' defines "confidential information" to "mean[] any document designated in good faith by counsel as confidential in accordance with the terms of this Order[,]" Resp.'s Prop. Ord. (Doc. 108-1) at 3:5-7, ¶ I(c), whereas the EEOC's proposed order does not define "confidential information." Nor does it allow for a document to be designated as such. Instead, the EEOC's proposed order refers only to the narrower category of "[c]onfidential *commercial* information[,]" which it vows not to disclose "except in accordance with 29 C.F.R. § 1610.19[,]" Pet.'s Prop. Ord. (Doc. 107-1) at 2, ¶ III(7) (emphasis added), governing "[p]redisclosure notification procedures for confidential commercial information."  29 C.F.R. § 1610.19.  That type of confidential information is "arguably exempt for disclosure under [FOIA exemption four], because disclosure could reasonably be expected to cause substantial competitive harm."  29 C.F.R. § 1610.19(a)(1).  Unlike confidential information in general, FOIA specifically exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]" 5 U.S.C. § 552(b)(4).

So that information other that strictly "commercial" may be designated as "confidential," Bashas' proposed order allows "the producing party [to] designate [a] document as Confidential Information."  Resp.'s Prop. Order (Doc. 108-1) at 3:17-18, ¶ 3. Paragraph 13 of that order includes a process for objecting to the "Confidential Information" designation.  Basically, that paragraph

allows for written objections if a party wishes to challenge the "Confidential Information" designation. And, if the parties cannot resolve the issue, after the mandatory "filing] [of] simultaneous briefs, not to exceed two pages[,]" the court will decide the confidentiality issue. See id. at 7:18, ¶ 13.

Bashas' proposed resolution regarding the designation of "Confidential Information" and objections thereto differs from what its proposed order actually states in one significant way. Bashas' proposed resolution requires the parties to "confer in good faith in an attempt to resolve the matter" of confidentiality designations, Summary (Doc. 108-2) at 2, but its proposed order omits that language. The court will import that good faith requirement into paragraph 13 of the confidentiality order adopted herein.

Another significant issue pertains to the scope of disclosure of confidential information. The EEOC's proposed order does not limit to whom it may disclose confidential information. The EEOC's order does not even require that a witness or expert agree not to disclose confidential information.

Bashas' proposed order, on the other hand, specifically states that "[n]o party shall disclose the content of any document marked 'confidential,' except to: attorneys, testifying witnesses (and only upon an agreement to keep it confidential), court reporters, the court, the parties, and testifying experts." Summary (Doc. 108-2) at 2, (citation omitted). "Other than [those] categories . . . , [the] EEOC cannot disclose confidential information to anyone, including aggrieved persons, unless it obtains written permission from Bashas'." Id. To address the EEOC's "concerns

1 about being able to release the file or portions thereto to
2 'aggrieved parties[,]'" Bashas' proposed order contains some
3 further limitations on disclosure of confidential information to
4 "aggrieved persons."[9]  Resp.'s Filing (Doc. 108) at 2:8-9.  Those
5 limitations are set forth in full below at paragraph 4(g).  The
6 EEOC did not object or in any way indicate its disagreement with
7 that paragraph.  Accordingly, the confidentiality order herein will
8 include that paragraph.

9      One other paragraph in Bashas' proposed order warrants
10 specific consideration – requests to the EEOC for documents which
11 Bashas' has identified as confidential under FOIA.  After closely
12 examining paragraph nine, pertaining to that issue, the court will
13 adopt the following modified version of that paragraph:[10]

> If upon completion of the EEOC's investigation
> and prior to the completion of any subsequent
> litigation, ~~it~~ the EEOC receives a request for
> documents identified by Bashas' as Confidential
> pursuant to the Freedom of Information Act ("FOIA"),
> the EEOC ~~agrees~~ shall ~~to~~ provide Bashas' with notice
> of such request so that Bashas' has an opportunity to
> object to its disclosure under one of the exemptions
> to the Act.  The EEOC shall provide Bashas' with such
> notice (through its counsel), including the wording of
> the request and the identity of the person making the
> request, within five (5) business days of a FOIA
> request.  <u>Simultaneously therewith the EEOC shall notify
> the requester that notice and opportunity to comment
> are being provided to Bashas'.</u>  Bashas' shall respond
> to the EEOC's notice within five (5) business days,
> <u>providing the EEOC with a detailed statement of its
> objections to disclosure.  The EEOC shall consider
> carefully any such objections submitted by Bashas'.</u>
> If the EEOC determines that FOIA requires it to disclose
> the Confidential Information despite Bashas'
> objection(s), it shall promptly notify Bashas' <u>and the</u>

---

[9]      Consistent with Title VII and its proposed order, presumably Bashas' means "aggrieved persons," as distinguished from "aggrieved parties."

[10]      The court is striking all language with a line through it.  Underlining denotes added language.

- 10 -

1    requester of such decision ~~and~~. The EEOC shall not
2  respond to any such FOIA request until Bashas' has the
   opportunity to assert its objection(s)and seek a
3  protective order from ~~the~~ this ~~F~~federal District
   Court ~~to the extent allowed by law~~,. Bashas' shall
4  assert such objection(s), if any, and seek a protective
   order, if any, within ~~a time period of at least~~ fourteen
5  (14) days after such notification is actually received
   by Bashas'.

6  Resp.'s Prop. Ord. (Doc. 108-1) at 6:9-26, ¶ 9 (as modified).

7      For the reasons just discussed, after considering the

8  parties' respective proposed confidentiality orders (Docs. 107-1

9  and 108-1,p. 2-10), the court hereby **ORDERS** the entry of a

10 Confidentiality Order, which is being separately filed

11 simultaneously herewith.

12     DATED this 8th day of December, 2011.

13

14

15 _____
   Robert C. Broomfield
16 Senior United States District Judge

17

18

19

20

21 Copies to counsel of record

22

23

24

25

26

27

28

- 11 -