**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity, Commission | ) ) | |
| Petitioner, | ) ) | No. CIV 09-0209-PHX-RCB |
| vs. | ) ) | O R D E R |
| Bashas', Inc., | ) ) | |
| Respondent. | ) ) | |

Simultaneously herewith the court ordered the entry of a Confidentiality Order in this subpoena enforcement action. See Order (Doc. 109). Set forth below are the terms of that Order, and Exhibit A attached hereto, a form "Agreement to be Bound by Confidentiality Order" (the "Agreement").

### *CONFIDENTIALITY ORDER*

1. When used in this Order,

(a) "Document" means all written, recorded, electronic, or graphic matters and materials. Document shall also refer to testimony from a witness in a investigation interview conducted by the Equal Employment Opportunity Commission ("EEOC"), deposition or

court proceedings.

    (b) "Provide" means to furnish or deliver a document (including by giving testimony resulting in a transcript) or produce it for inspection or review to any other person or persons, whether voluntarily or involuntarily, whether pursuant to request, interrogatory or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

       (c) "Confidential Information" means any document designated in good faith by counsel as confidential in accordance with the terms of this Order.

       (d) "Charge" means the EEOC Commissioner's Charge filed against Bashas' on May 9, 2007.

       (e) "Party" means Bashas', Inc. and the Equal Employment Opportunity Commission.

   2.  No party shall provide or disclose the content of any document designated "Confidential" as defined in this Order except as provided herein.

   3.  Whenever a producing party provides any document to any party to this action which is entitled to confidential treatment pursuant to this Order, the producing party may designate the document as Confidential Information.  The producing party shall stamp "Confidential" on each document that it believes contains Confidential Information.

   4.  Confidential Information shall be used solely for the purpose of the above referenced Charge and any resulting litigation and not in connection with any other action including any action arising out of the same underlying circumstances, and shall not be given, shown, made available, discussed, or otherwise communicated

-2-

1 in any way to anyone other than:

2     (a) Attorneys of record in this action and their support
3 staff, so long as they have reviewed this Order and signed Exhibit
4 A, the Agreement,

5     (b) Any other person whose testimony regarding the
6 Confidential Information is noticed to be taken in this action,
7 except that such a person may only be shown Confidential
8 Information during his or her testimony and only after being
9 advised by counsel of this Order, its meaning and purpose, and only
10 after signing Exhibit A, the Agreement,

11     (c) Court reporters and their staff,

12     (d) The Court and its staff,

13     (e) The Parties to this action,

14     (f) Persons retained by any Party to this Order to
15 furnish expert services of advice or to give expert testimony in
16 this action (and their employees).

17     (g) Individuals who qualify as Aggrieved Persons covered
18 under the Commissioners' Charge, provided that (i) EEOC has
19 identified that individual as a member of the class covered by the
20 Commissioner's Charge and Bashas' has been notified of this
21 identification; (ii) the individual has received a Notice of Right
22 to Sue at the conclusion of the EEOC's investigation in the
23 Commissioner's Charge matter and that Notice of Right to Sue has
24 not expired and Bashas' has also received the Notice of Right to
25 Sue; and (iii) the individual has made a written request to obtain
26 a copy of his or her file, pursuant to EEOC Compliance Manual
27 § 83.2, which has been provided to Bashas'.

28     (h) Individuals who have made a valid request for

- 3 -

documents under the Freedom of Information Act, pursuant to 29 C.F.R. part 1610, provided that:

(i) the request is made after completion of the EEOC's investigation and prior to the completion of any subsequent litigation; (ii) does not seek documents that are exempt from disclosure under 5 U.S.C. §552(b); and (iii) the EEOC provides Bashas' with notice and opportunity to object to such disclosure and seek a protective order in this federal District Court, as provided in Paragraph 9 below.

5. Before discovering counsel may provide Confidential Information to any person described in subparagraph 4(a), (b), and (f) the person who is to receive the material shall read a copy of this Order, and shall evidence agreement to be bound by the terms, conditions, and restrictions of this Order by signing Exhibit A, the Agreement attached to this Order.

6. If a witness from whom a party intends to take testimony in this action refuses to sign an Agreement as required by paragraph 5, discovering counsel may not show Confidential Information to the witness, or interview or examine the witness concerning the same. An agent of a party may not refuse to testify regarding that party's own Confidential Information by refusing to sign the Agreement.

7. The EEOC shall not disclose any Confidential documents to any other person, except as provided by Paragraphs 4 and 5 above. If counsel for a Party herein shall hereafter desire to make Confidential Information available to any person other than those referred to in Paragraph 4 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to

make disclosure and inform counsel for the Party that designated the document Confidential of their desire to make the disclosure. If counsel are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in Paragraph 4 above, then disclosure may be made only on such terms as the Court may order.

8. The EEOC agrees to hold such Confidential documents in a secure manner in that access to the Confidential Information is limited to EEOC employees actually working on this matter. The electronic Confidential Information shall be maintained in such a manner to reasonably protect it from dissemination, copying, or access by anyone not directly working on this matter.  No Confidential Information should be sent or removed from the EEOC's Phoenix District Office, unless the EEOC has made the determination that it is necessary for the case that such action be taken.

9.  If upon completion of the EEOC's investigation and prior to the completion of any subsequent litigation, the EEOC receives a request for documents identified by Bashas' as Confidential pursuant to the Freedom of Information Act ("FOIA"), the EEOC shall provide Bashas' with notice of such request so that Bashas' has an opportunity to object to its disclosure under one of the exemptions to the Act.  The EEOC shall provide Bashas' with such notice (through its counsel), including the wording of the request and the identity of the person making the request, within five (5) business days of a FOIA request.  Simultaneously therewith the EEOC shall notify the requester that notice and opportunity to comment are being provided to Bashas'.  Bashas' shall respond to the EEOC's notice within five (5) business days, providing the EEOC with a

detailed statement of its objections to disclosure.  The EEOC shall consider carefully any such objections submitted by Bashas'.  If the EEOC determines that FOIA requires it to disclose the Confidential Information despite Bashas' objection(s), it shall promptly notify Bashas' and the requester of such decision.  The EEOC shall not respond to any such FOIA request until Bashas' has the opportunity to assert its objection(s)and seek a protective order from this federal District Court.  Bashas' shall assert such objection(s), if any, and seek a protective order, if any, within fourteen (14) days after such notification is actually received by Bashas'.

    10.   It shall be counsels' responsibility to preserve and keep in a separate file all executed Agreements for one year following the conclusion of this action and any related litigation. Such Agreements shall be available for inspection and copying upon order of the Court.

    11. In the event that any Confidential Information is included with or in any way disclosed by any pleading, motion, or paper filed with the Court, such pleading, motion or paper shall be filed under seal, and it is the responsibility of the party filing such document to ensure that it is filed under seal.

    12. Prior to the use of any Confidential Information at any pretrial hearing in this action or arising from this Charge, discovering counsel shall move the Court for leave of the Court to file under seal and shall not disclose Confidential Information in open court unless the parties specifically agree in writing to such disclosure.

    13.  Any party at any time may object in writing to the

designation of any material as Confidential Information. Within ten (10) days from such written objection the party to whom it is addressed must reply in writing.  If the parties fail to reach an agreement, they shall meet and confer in good faith in an attempt to resolve the matter.  If they are unable to do so, each party shall file simultaneous briefs, not to exceed two pages, with their respective positions regarding the designation.  Pending Court order regarding the classification of the disputed documents, the proscription of this Order shall remain in effect.  The provisions contained herein shall not apply to any document designated as Confidential at the time it is made available and to which it is subsequently (i) agreed in writing by the producing party not to be deemed confidential; or (ii) ruled by the Court not to be confidential.

    14.  No person generally identified in paragraph 4 who received Confidential Information as a result of the investigation of this action shall copy or otherwise use the Confidential document or Information for any purpose whatsoever, except in connection with the investigation of this Charge or any litigation initiated by the EEOC arising from this investigation.

    15.  The inadvertent or unintentional disclosure by the producing party of Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the Confidential Information disclosed or as to any other Confidential Information relating thereto or on the same or related subject matter.

    16.  This Order shall in no way affect or impair the right of any party or person to compel discovery or to seek additional, or

1 different protection for certain material, or to raise or assert
2 any defense or objection, including but to limited to defenses or
3 objections to the discovery or production of documents or
4 Confidential Information and to the use, relevance or admissibility
5 at trial of any evidence, whether or not comprised of documents or
6 Information governed by this Order.

7     17.  This Order shall govern the investigation and all
8 proceedings relating to or arising from this Charge. Upon
9 initiation of any subsequent litigation, arising from this
10 Charge, any party may request that the Court enter a further order
11 governing the treatment of Confidential Information.

12     18.  Upon entry by the Court this Order shall be effective
13 immediately and will survive and remain in full force and effect
14 after the termination of this action.

15     19.  Nothing in this Order shall prevent the Parties from
16 providing or disclosing their own documents or information,
17 regardless of whether they are designated Confidential Information.
18 If a document becomes publicly available by such disclosure or is
19 otherwise ordered to be a public record, then it no longer shall be
20 considered Confidential Information subject to this Order.
21 . . .

***EXHIBIT "A"***

***AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER***

I, _____ (name), hereby acknowledge that I have read the Confidentiality Order entered in <u>Equal Employment Opportunity Commission v. Bashas', Inc.</u>, No. CV 09-0209-PHX-RCB, that I understand the terms of that Confidentiality Order, and that in particular I have read paragraph 14 of that Confidentiality Order.  I hereby agree to comply with and be bound by the provisions of that Confidentiality Order unless and until modified by further order of this court.  I hereby consent to the jurisdiction of this court for purposes of enforcing the Confidentiality Order.

. . .

1 | **IT IS SO ORDERED.**

2 | DATED this 8th day of December, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

8 | Copies to counsel of record

- 10 -